## The People of the State of Illinois, Defendant in Error, v. William B. Lloyd, Plaintiff in Error.

### Gen. No. 18,753.

1. AUTOMOBILES—*violation of speed regulations.* In a prosecution for violating the Motor Vehicle Act, §10, for driving a motor vehicle upon a public highway at a speed greater than is reasonable or proper, when the police officer making the arrest testified that he saw the car coming at the rate of about thirty miles an hour and that it ran half a mile in about a minute, and that he did not time the speed by a watch, though the highway was under the control of park commissioners and ran along a lake, there being practically no houses on the other side, a *prima facie* case that the speed was greater than reasonable and proper in any of the localities mentioned by the statute is made out and unless overcome by competent testimony is sufficient to support the finding of guilty.

2. AUTOMOBILES—*statute does not fix speed limit.* The Motor Vehicle Act, in providing what "shall be considered *prima facie* evidence that the person operating a motor vehicle is running it at a rate of speed greater than is reasonable and proper, having regard to the traffic and the use of the way," in different localities, does not fix any arbitrary speed limit in any locality, but leaves it to the court or jury to say what is a reasonable and proper rate of speed, having regard to the conditions of traffic and the use made of the highway.

3. AUTOMOBILES—*prima facie case shifts burden of proof.* In a prosecution for violating the Motor Vehicle Act, §10, when it is shown that the rate of speed exceeds the rate specified in the statute, a *prima facie* case of guilt is made out for the prosecution, and the defendant is then called upon to meet and overcome such *prima facie* case, the burden of proof thus passing from party to party as the case progresses, while the burden of establishing the guilt

of defendant as charged in the information continues upon the prosecution throughout the trial.

4. AUTOMOBILES—*prima facie case.* In a prosecution under the Motor Vehicle Act, §10, where a *prima facie* case under the statute is made out, and defendant offers no evidence to meet it, the *prima facie* case becomes conclusive and justifies a finding of guilty.

5. AUTOMOBILES—*park highways.* Where a court takes judicial notice that a park is within the limits of an incorporated city, and there is no evidence that the park commissioners have passed any regulations concerning speed of motor vehicles on highways within their control, as authorized, the state law governs.

6. EVIDENCE—*opinion of nonexpert witness.* In the absence of better evidence where the opinions of nonexpert witnesses are the only method of bringing before the court or jury the fact to be proved, such opinions are admissible as to matters of fact coming within their observation which cannot be otherwise described, such as the speed of motor vehicles and trains, apparent age, physical appearance, intoxication, excitement, condition of health and the like.

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 6, 1913.

JACOB C. LEBOSKY, for plaintiff in error.

MACLAY HOYNE, for defendant in error; MALCOLM B. STERRETT, of counsel.

MR. JUSTICE FITCH delivered the opinion of the court.

The plaintiff in error was found guilty in the Municipal Court of violating section 10 of the Motor Vehicle Act. The case was tried by the court without a jury, and the evidence showed, without contradiction, that plaintiff in error was arrested while driving an automobile along Sheridan road, between Grace street and Hawthorne place; that at this point Sheridan road runs along the shore of Lake Michigan, and that there are practically no houses on the west side of it between the streets named; that it is under the control and jurisdiction of the Lincoln Park Commis-

sioners; that there is a bridle path on the lake side of the driveway and that the main driveway is used chiefly by automobiles; that at the time of the arrest the only other traffic on the street consisted of four automobiles on the main driveway, a cart on the bridle path and a number of persons walking on the sidewalk. The police officer who made the arrest testified that the distance from Hawthorne place to Grace street is about half a mile; that standing at Hawthorne place, he saw the automobile of plaintiff in error coming towards him at a rate of about thirty miles an hour; that he was stationed there for the purpose of watching automobiles on Sheridan road, had been a police officer four years, and that it was his business as such officer, to observe the speed of vehicles; that on that morning he had counted 416 automobiles which passed there in one hour; that it took plaintiff in error about a minute to run from Grace street to Hawthorne place, but that he did not time him by looking at a watch. Defendant testified that he had the machine under perfect control; that when hailed by the policeman, he stopped it in a space of 30 or 40 feet; that he had driven the machine seven years and understood its operation perfectly; that he could have stopped the car at any time so as to avoid collision with any person or vehicle upon the road. He did not testify how fast he was going at the time of his arrest. The judgment entered finds the defendant guilty "of the criminal offense of driving a motor vehicle upon a public highway at a speed greater than is reasonable and proper, having regard to the traffic and the use of the way."

Section 10 of the Motor Vehicle Law begins as follows: "No person shall drive a motor vehicle or motor bicycle upon any public highway in this state at a speed greater than is reasonable and proper, having regard to the traffic and the use of the way or so as to endanger the life or limb or injure the property of

any person." Then follows a provision stating what rates of speed shall be considered *prima facie* evidence that the person operating a motor vehicle is running it at a rate of speed greater than is reasonable and proper, having regard to the traffic and the use of the way. The rates of speed thus specified are, in substance, as follows: In the business portions of a city, ten miles an hour; in the residence portions, fifteen miles an hour; "outside of the closely built-up portions and the residence portions," twenty miles an hour; "outside of the limits of an incorporated city, town or village," twenty-five miles an hour; and going around a corner or curve in a highway where an operator's view of the road traffic is obstructed, six miles an hour.

Defendant's counsel contends in this court, in substance, as follows: (1) that the statute fixes no speed limits, but merely makes certain specified rates of speed *prima facie* evidence of what is reasonable and proper in different localities, and therefore what is in fact reasonable and proper speed depends upon the circumstances of each case, so that in some instances a rate of speed exceeding any of the rates mentioned in the statute would not be a violation of the statute; (2) that section 10 of the Motor Vehicle Act has no application to territory contained within a public park; (3) that it only applies when the driver of the motor vehicle exceeds the rate of speed therein mentioned "in one of the four different localities mentioned in said section 10," and (4) that the information is defective in not stating whether the defendant violated the ten mile rate, fifteen mile rate, twenty mile rate, or twenty-five mile rate of speed, and in not stating what kind of a neighborhood he was in at the time of the alleged violation.

We do not deem it necessary to discuss each of these propositions in its turn. We are inclined to agree with counsel that the statute does not fix any

arbitrary or fixed speed limit in any locality, but leaves it to the court or jury to say what is a reasonable and proper rate of speed, having regard to the conditions of traffic and the use made of the highway; and if the evidence shows that a motor vehicle, when passing through a particular locality, is going at a greater rate of speed than the rate specified for that locality, the statute merely makes that fact *prima facie* evidence that the person operating the machine is running it at a rate of speed greater than is reasonable and proper under the circumstances. We are also inclined to agree with counsel that the burden of proof to show that fact is upon the prosecution. But the phrase ''burden of proof'' has two meanings. As a matter of law, the burden of proof is upon the prosecution to prove the guilt of the defendant upon the whole evidence. As a matter of proof, when it is shown that the rate of speed exceeds the rate specified in the statute, a *prima facie* case of guilt is made out for the prosecution, and the defendant is then called upon to meet and overcome such *prima facie* case; and this is often spoken of as the burden of proof. That is, in the sense of the necessity of producing evidence to meet a *prima facie* case, the burden of proof passes from party to party as the case progresses, while the burden of establishing the guilt of the defendant, as charged in the information, continues upon the prosecution throughout the trial. If a *prima facie* case is made out by the prosecution, and the defendant offers no evidence to meet it, then the *prima facie* case becomes conclusive, and justifies a finding of guilty. Vischer v. Northwestern El. R. Co., 256 Ill. 572, 578; Chicago Union Traction Co. v. Mee, 218 Ill. 9; Egbers v. Egbers, 177 Ill. 82. In this case, the only evidence as to the rate of speed was that of the police officer to the effect that defendant was going at the rate of thirty miles an hour, which fact, by the terms of the statute, is *prima facie* evi-

dence that the rate of speed was greater than was reasonable and proper, whether defendant was then driving upon a public highway in the city, or "outside of the limits" of the city. It was, *prima facie,* a greater rate of speed than was permissible upon a public highway in any locality mentioned in the statute. Hence, it was incumbent upon the defendant to meet and overcome by competent evidence, the *prima facie* case thus made out for the prosecution. Not having done so, the *prima facie* case was sufficient to support the finding of guilty. We see nothing in the case of Commonwealth v. Cassidy, 209 Mass. 24, cited by counsel, that is opposed to this reasoning, when considered in the light of the facts here involved.

It is urged that the police officer's statement that defendant was driving at the rate of thirty miles an hour is not evidence of that fact; that he merely stated an opinion. It frequently happens that in the absence of better evidence, opinions of witnesses are admissible, and in many cases such evidence is the only method of bringing before a court or jury the fact required to be proved. In such cases non-expert witnesses may state their opinions as to matters of fact coming within their observation and which cannot be otherwise described, such as the speed of trains, apparent age, physical appearance, intoxication, excitement, condition of health, and the like, and such opinions are received as evidence of the facts stated. Chicago, B. & Q. R. Co. v. Gunderson, 174 Ill. 495; City of Chicago v. McNally, 227 Ill. 18; Greinke v. Chicago City Ry. Co., 234 Ill. 564; Illinois Cent. R. Co. v. Prickett, 210 Ill. 140. Moreover, the officer stated that defendant drove half a mile in a minute of time, which bears out his opinion as to the speed.

The contention that because Sheridan road is under the jurisdiction of the Lincoln Park Commissioners, it is therefore not within any of the localities mentioned in section 10 of the Motor Vehicle Act, is in-

genious and plausible, but we are of the opinion that it is not tenable. Courts are required to take judicial notice of the limits of incorporated towns and cities, and we, therefore, judicially know that the portion of Sheridan road in question is within the corporate limits of the City of Chicago. There was no evidence that the Lincoln Park Commissioners have passed any "ordinances, rules or regulations" concerning the speed of motor vehicles upon streets within their control, as they are authorized to do by section 12 of the Motor Vehicle Act, and we cannot take judicial notice that they have ever assumed to exercise that power. In the absence of any such showing, the state law governs.

As to the alleged defects in the information, it does not appear that such defects were pointed out in the trial court, and, therefore, they cannot be urged in this court. If defendant had desired a more particular specification of the place where it was claimed the violation of the statute had occurred, or of the rate of speed which was claimed to have been exceeded, he should have asked for it in the trial court.

For the reasons indicated, the judgment of the Municipal Court will be affirmed.

*Affirmed.*