## Henry Berg, Defendant in Error, v. George Michell, Plaintiff in Error.

### Gen. No. 6,153.

1. AUTOMOBILES AND GARAGES, § 3*—*when negligence in operation of automobile question for jury.* In an action for personal injuries alleged to be due to defendant's negligence in operating an automobile, *held* that the question whether defendant was negligent was a question of fact for the jury.

2. AUTOMOBILES AND GARAGES, § 3*—*when contributory negligence of person injured by automobile question for jury.* In an action for damages for personal injuries alleged to be due to the negligent operation of an automobile, *held* that whether plaintiff exercised due care was a question for the jury.

3. APPEAL AND ERROR, § 1401*—*when verdict will not be disturbed.* A verdict will be allowed to stand upon appeal where the evidence as to negligence and contributory negligence is doubtful, even though the Appellate Court might have reached a different conclusion on the facts, provided the record is free from errors of law.

4. AUTOMOBILES AND GARAGES, § 1*—*how Motor Vehicle Act construed relative to speed of automobiles.* Section 10 of the Motor Vehicle Act (J. & A. ¶ 10010), regulating the speed at which persons may drive such vehicles on public highways, does not directly prohibit driving in excess of ten miles an hour on such highways, but does prohibit driving such vehicles at unreasonable speed on such highways, and makes the fact that such vehicles are so driven at a speed of more than ten miles an hour prima facie evidence of such unreasonable speed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5.   Automobiles and garages, § 3*—*when instruction on speed of automobiles erroneous.*   In an action for personal injuries alleged to be due to defendant's negligence in driving a motor vehicle at an unreasonable speed on a public highway, striking plaintiff, and causing the injuries sought to be recovered for, an instruction stating the provisions of section 10 of the Motor Vehicle Act (J. & A. ¶ 10010), prohibiting the driving of such vehicles at unreasonable speed on public highways and making the driving of such vehicles on such highways at a speed in excess of ten miles an hour prima facie evidence of unreasonable speed, and adding, "And the running of such automobile at a rate of speed in excess of ten miles an hour under the circumstances above stated is regarded by the law as negligence," *held* erroneous.

6.   Automobiles and garages, § 1*—*how Motor Vehicle Act construed relative to speed.*   Section 10 of the Motor Vehicle Act (J. & A. ¶ 10010), prohibiting the driving of motor vehicles on public highways at unreasonable speed, and making the fact that such a vehicle was so driven at a speed in excess of ten miles an hour prima facie evidence of unreasonable speed, differs essentially from section 24 of the Railway Act (J. & A. ¶ 8836), prohibiting the running of trains through a city at a speed prohibited by a city ordinance, in that the fact of violation of such ordinance is thereby made negligence *per se* so that proof of the violation establishes negligence, it thus appearing that in framing such section 10 the Legislature did not intend to prohibit the driving of such vehicle at a rate of speed in excess of ten miles an hour, but merely to require a person driving at such rate of speed to show that such rate was not unreasonable.

7.   Automobiles and garages, § 1*—*when statute not violated by driving automobile at speed exceeding ten miles per hour.*   Under section 10 of the Motor Vehicle Act (J. & A. ¶ 10010), prohibiting the driving of motor vehicles on public highways at unreasonable speed and making the driving of such vehicles on such highway at a speed in excess of ten miles an hour prima facie evidence of unreasonable speed, driving a motor vehicle on such highway at a speed in excess of ten miles an hour will not be a violation of the statute and will not amount to negligence, where it appears that owing to the deserted condition of the streets at night, or the lack of traffic thereon, such speed is reasonable and proper and will not endanger life or limb or the property of any person.

8.   Evidence, § 279*—*when X-ray photographs properly admitted.*   In an action to recover for personal injuries sustained by being struck by defendant's automobile which was alleged to have been

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

negligently operated at the time of the accident, whereby plaintiff suffered a fracture of the bones of his leg, rule as to the evidence necessary to lay a foundation for the introduction of X-ray photographs considered, and such photographs *held* not erroneously admitted.

9. Automobiles and garages, § 3*—*when instruction on measure of damages for injuries sustained sufficient.* In an action to recover for personal injuries sustained as a result of defendant's alleged negligence, an instruction as to the measure of damages and the evidence required to support the amount found, *held* not erroneous under the evidence.

Error to the Circuit Court of Peoria county; the Hon. John M. Niehaus, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed December 27, 1915.

Weil & Bartley, for plaintiff in error.

Cameron & Cameron, for defendant in error.

Mr. Justice Carnes delivered the opinion of the court.

Henry Berg, the plaintiff below, had a verdict against Dr. George Michell, the defendant below, of $12,000, in a suit for damages for injuries sustained by the plaintiff who was struck while a foot passenger on a street in Peoria by an automobile driven by the defendant. The plaintiff remitted $2,500 from the verdict, and the court entered judgment for $9,500, from which the defendant prosecutes this writ of error. The declaration charged as negligence of the defendant in the first count negligent running of the automobile, in the second and third, running in the closely built up business portion of the city at a speed in violation of the motor vehicle statute; also charging in the third count failure to give warning by gong or otherwise of the approach of the automobile. The general issue was pleaded. It appeared that the plaintiff was at the time of the accident (August 5, 1912) in good health,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fifty years old, employed in a wholesale drug house in Peoria at $11 a week; that he left his work about 6 p. m. and went to a saloon; and had two glasses of beer, then went to a carnival and stayed until ten o'clock, then started on foot for home, stopping at a saloon and drinking two more glasses of beer, and at another place purchasing a bag of peanuts. He proceeded to a street crossing and passed to the far side of the intersecting street to wait for a street car. He saw one that had approached on the same street and in the same direction that he had been walking, standing on the near side of the intersecting street to discharge and take on passengers. He walked diagonally across the intersecting street eating peanuts the while, to get a view of the sign in front of the car, then, discovering that it was not the one he wished to take, he passed by the front of the car and immediately after clearing the car tracks was struck by the automobile, knocked down, and dragged some distance. He did not see the automobile before it struck him, and the defendant did not see him before the collision. Both of the bones in his left leg were broken between the ankle and the knee, his head was bruised, and he was otherwise somewhat bruised and injured. The defendant stopped his automobile and took him to the hospital, where he appeared to be in an intoxicated condition. He was there cared for. The most serious injury was the fracture of the bones of the leg, and to procure a union the surgeons used metal plates fastened by metal screws to the bone above and below the break, and one of the plates was afterwards removed. He was about five months in the hospital, and suffered much pain.

There is much conflict in the testimony as to the permanent effect of the injury. Evidence was introduced sustaining the contention of the defendant that no very serious permanent injury resulted, and other evidence sustaining the contention of the plaintiff that

the result was a very serious permanent disability. There was also a close question of fact whether at the time of the accident the plaintiff was intoxicated and not in condition to exercise proper care for his own safety. There is no direct evidence that he had drunk more or other intoxicating liquor than above stated, and he says he had not, but there is evidence that his condition when taken to a hospital indicated a degree of intoxication that would not have been produced by the amount of beer so taken. There is also a sharp conflict in the testimony whether the automobile was at the time running over ten miles an hour, and while it appears the horn was sounded as the automobile approached, there is some conflict about that. We will not attempt to analyze the testimony or express any opinion thereon further than to say there is much doubt whether the evidence warrants the conclusion that the automobile was at the time running at ten miles or more an hour, and whether the plaintiff was exercising reasonable care for his own safety. These were all questions for the jury, and their verdict might prevail and control even against our different conclusion from a reading of the record, if the record is free from error of law. But in this condition of the evidence a judgment should not be permitted to stand unless the record is free from such error. Section 10 of the Motor Vehicle Act of 1911 (J. & A. ¶ 10010) provides:

"No person shall drive a motor vehicle     *     *     * upon any public highway in this State at a speed greater than is reasonable and proper having regard to the traffic and the use of the way or so as to endanger the life or limb or injure the property of any person. If the rate of speed of any motor vehicle     *     *     * operated upon any public highway in this State where the same passes through the closely built up business portions of any incorporated city, town or village, exceeds ten (10) miles an hour     *     *     * such rate of speed shall be prima facie evidence that the person operating

such motor vehicle * * * is running at a rate of speed greater than is reasonable and proper having regard to the traffic and use of the way or so as to endanger the life or limb or injure the property of any person.''

The statute does not directly prohibit driving in excess of ten miles an hour, but makes such driving prima facie evidence of unreasonable speed, which is prohibited. Plaintiff's given instruction No. 1 correctly informed the jury of this provision of law substantially in the language of the statute, but added: ''And the running of such automobile at a rate of speed in excess of ten miles an hour under the circumstances above stated is regarded by the law as negligence.''

This was error. The law does not regard that rate of speed as negligence, but as prima facie evidence of negligence; that is, when the higher rate of speed is shown it is not necessary to further show conditions that make that rate of speed unreasonable, but the law makers assumed that conditions might be such that the high rate of speed would not be unsafe and unreasonable and left the question of fact to be determined by a jury or other tribunal passing on the facts, with the burden of proof on the accused party. This motor vehicle statute is substantially different in effect from section 24 of our Railway Act (J. & A. ¶ 8836), which prohibits running a train through a city at a greater rate of speed than permitted by ordinance of such city; that is, in case of an ordinance limiting the rate of speed of a railway train to ten miles an hour, the running of one at a higher rate of speed is negligence *per se,* and proof of such excess speed establishes the negligence of the defendant. The language of the motor vehicle statute clearly indicates that the Legislature did not intend to prohibit a speed in excess of the rate there mentioned, but only to require a person exceeding that rate of speed to show that it was not unreasonable, etc. If the jury in this case believed

from the evidence that the defendant was running eleven or twelve miles an hour, and further believed that because of the time of night and deserted condition of the street such rate of speed was not greater than is reasonable and proper, having regard to the traffic and use of the way, or so as to endanger the life or limb or injure the property of any person, then such rate of twelve miles an hour was not a violation of the statute and not something which the law regards negligence. We express no opinion whether driving at a rate of speed higher than ten miles an hour, if so found by the jury, was or was not negligence under all the circumstances shown by the evidence as to the surroundings, but only say that it was a question of fact for the jury, and it was by the instruction determined as a matter of law by the court. In other words, there is a material and marked distinction between saying that driving at the rate of twelve miles an hour is negligence and saying that driving at that rate may or may not be negligence, and putting the question to the jury to say whether or not, with the burden of proof on the defendant to show it is not.

X-ray pictures of the broken bones of the leg were exhibited to the jury. It is contended that there was insufficient evidence to permit their introduction under the rule in regard to the use of ordinary photographs on the trial of a cause, which has been held to be the proper rule (17 Cyc. 420, and authorities there cited). It is true that some, and perhaps all, of these X-ray pictures were calculated to shock a layman, and together with the fact that steel was used in getting a union of the bone, as before mentioned, might create an impression of much graver injury than a surgeon would understand existed from a consideration of the same facts, and it is quite likely that the exhibition of these pictures resulted in much increasing the size of the verdict, not because of any correct information they furnished the jury, but because of the shock pro-

duced on their sensibilities. Still, we are not inclined to hold that there was error in permitting that testimony. The court gave the jury an instruction as to the measure of damages and evidence required to support their finding of the amount of damages that was proper, except for the fact that there was some testimony as to physicians' bills and expenses charged in the declaration that was capable of direct proof as to value. There was some confusion in the testimony as to the question of physicians' bills and expenses, it being asserted by defendant's counsel that the defendant paid the bills and there was no bill to be paid or liability incurred by the plaintiff. We do not think the court erred as to either of these matters under these facts. On another trial it will, we assume, appear more clearly whether a liability for those expenses does exist, and the evidence will be received and instructions given in accordance with what may there develop.

We are of the opinion that the ends of justice require another trial of this case. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*

MR. JUSTICE NIEHAUS took no part.