## James E. Gordon, Administrator de bonis non of the Estate of Manson L. Hays, Deceased, Plaintiff in Error, v. J. G. Stadelman, Defendant in Error.

### Gen. No. 21,816.

1. AUTOMOBILES AND GARAGES, § 3*—*when proper to instruct that no recovery can be had for wanton conduct.* In an action for the death of the plaintiff's intestate resulting from his being struck by the defendant's automobile, *held* that there being no evidence that would justify the inference that the defendant's conduct was such as would show a general intent to inflict the injury or negligence of such a high degree as would be deemed equivalent to a wilful or wanton act, it being undisputed that the defendant put on his brakes as soon as the intestate came into the range of the defendant's vision, that an instruction that there could be no recovery under a count alleging wanton and wilful conduct on the part of the defendant was proper.

2. AUTOMOBILES AND GARAGES, § 3*—*when instruction proper as to care required of driver.* In an action for the death of the plain-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tiff's intestate caused by his being struck by the defendant's auto-mobile, an instruction to the effect that the defendant was not bound to exercise the highest degree of care but "ordinary care at and just prior to the time and place in question to avoid injuring the deceased" was proper.

3. Automobiles and Garages, § 3*—*when instruction on burden of proof in sudden emergency not misleading.* In an action for the death of the plaintiff's intestate caused by his being struck by the defendant's automobile, where the evidence given on behalf of the defendant tended to show that the deceased was crossing a street in the middle of a block, had passed behind a southbound car and in front of a northbound car going in the same direction as the defendant and had stepped into the path of the defendant's automobile, an instruction which required that the plaintiff show by the preponderance of the evidence that the circumstances were such that the defendant had time and opportunity to become conscious, by the exercise of ordinary care, of the facts giving rise to a duty to avoid injuring the deceased, if the jury believed that the latter was suddenly "without any fault on the part of the defendant" placed in a position of danger, *held* not reversible error as being misleading.

4. Automobiles and Garages, § 3*—*when instruction that fact of accident is not evidence of negligence is proper.* In an action to recover for the death of the plaintiff's intestate resulting from his being struck by the defendant's automobile, an instruction stating that the fact of the accident itself alone was not evidence of negligence on the part of defendant was proper under the circumstances.

5. Negligence, § 226*—*when instruction on care required of injured person not misleading.* In an action for the death of the plaintiff's intestate, an instruction requiring proof that the deceased was free from any want of "ordinary prudence, vigilance and caution for his own safety" was not misleading in view of other instructions stating that the deceased was only bound to exercise ordinary care for his own safety.

6. Instructions, § 89*—*when instruction as to determination of preponderance of evidence is proper.* In an action for the death of the plaintiff's intestate, an instruction to the effect that the preponderance of the evidence does not necessarily depend on the number of witnesses testifying on either side and then proceeding to enumerate various elements to be considered in determining the preponderance of the evidence, *held* proper.

Error to the Circuit Court of Cook county; the Hon. Benjamin W. Pope, Judge, presiding. Heard in the Branch Appellate Court

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

at the October term, 1915.  Affirmed.  Opinion filed December 19, 1916.

Elmer & Cohen, for plaintiff in error.

Miller, Gorham & Wales, for defendant in error.

Mr. Presiding Justice Barnes delivered the opinion of the court.

The plaintiff below brings error to review the record of a judgment in favor of the defendant in a personal injury suit claiming it was brought about by erroneous instructions.

Plaintiff's intestate, Hays, came to his death from being struck by defendant's automobile near the east curb of Halsted street, Chicago, which runs north and south, at a point approximately seventy-five feet north of the 50th street crossing.  A car line is operated on Halsted street, the northbound cars running on the eastern and the southbound on the western tracks. Hays had come from behind a southbound car and had passed in front of a moving northbound car only a few feet ahead of it when he suddenly found himself within a few feet, estimated at less than fifteen, of defendant's automobile which was being driven past the northbound car at a rate of speed variously estimated from eight to fourteen miles an hour by defendant's witnesses and from fifteen to twenty-five by plaintiff's witnesses.  Apparently Hays and defendant could and did see one another at about the same instant of time but not before danger was imminent, and immediately the former quickened his pace and the latter put on his brakes.

The northbound car had stopped on the south side of 50th street and was running about eight miles an hour.  The clanging of its bell as Hays emerged from behind the southbound car in the mortorman's sight caused Hays, who was an old man, to hasten.

Defendant had come from behind the northbound car in the crossing and was "picking up speed" to pass the car. The evidence was contradictory on the point whether Hays alighted from the southbound car, and tended to show that he passed between two moving southbound cars. There were about the same number of witnesses to the *res gestæ* on each side and their testimony presented disputable questions both as to defendant's negligence and said intestate's contributory negligence.

The first count of the declaration charged negligence at common law, the second, wanton and wilful conduct, the third, operating the automobile in a residence portion of the city at a speed exceeding fifteen miles an hour contrary to the statute, and the fourth, operating it in a closely built up business portion of the city in excess of ten miles an hour contrary to the statute.

One of the given instructions complained of told the jury that there could be no recovery under the second count. We think the question of wilful negligence was properly taken from their consideration, there being no evidence that would justify the inference that defendant's conduct was such as "would show a general intent to inflict an injury" or negligence of such a high degree as would be deemed equivalent to a wilful or wanton act. (*Chicago City Ry. Co. v. Jordan,* 215 Ill. 390.) Plaintiff's argument on this question is predicated on evidence as to the space within which a car may be stopped. But the evidence is undisputed that defendant put on his brakes as soon as Hays came from behind the northbound car in the range of the former's vision. The unquestioned proof of prompt action, on becoming aware of the danger, was like that in *Feitl v. Chicago City Ry. Co.,* 211 Ill. 279, where a similar conclusion was reached, adverse to the claim that the evidence tended to show reckless and wanton conduct.

Two other instructions relating to the degree of care incumbent on defendant are criticised. The first was to the effect that defendant was not bound to exercise the highest degree of care but "ordinary care at and just prior to the time and place in question to avoid injuring the deceased." The other required that plaintiff must show by a preponderance of the evidence that the circumstances were such that defendant had time and opportunity to become conscious by the exercise of ordinary care of the facts giving rise to the duty to avoid injuring the deceased, if the jury believed the latter was suddenly "without any fault on the part of defendant" placed in a position of danger. It seems to be conceded by plaintiff in error that these instructions were proper as applied merely to the charge of common-law negligence, but he urges that they were erroneous when applied to the breach of a statute limiting speed. In this connection plaintiff in error cites a decision under the Motor Vehicle Act (Session Laws 1903), which fixed a speed limit under certain circumstances, but which was repealed and replaced by the act in force at the time of the accident. (Hurd's Rev. St. 1916, pp. 2300 *et seq.*, J. & A. ¶ 10001 *et seq.*) The latter act does not fix a speed limit in any locality, but prescribes a rule of evidence to the effect that exceeding certain speed in certain localities will be prima facie proof of running at a rate of speed greater than is reasonable under the circumstances. (*People v. Lloyd,* 178 Ill. App. 66.) This rule of evidence, as well as that requiring the driver of such a motor vehicle to exercise only ordinary care to avoid injuring pedestrians, was recognized in instructions given at plaintiff's own request. Hence plaintiff's argument upon these two instructions relating to the degree of care to be exercised in such a case is not only inconsistent with his own instructions bearing on the subject but rests in the main on a confusion of the statute in force with one that has been repealed.

The last instruction is in substantially the same form as approved in *Chicago Union Traction Co. v. Browdy*, 206 Ill. 615, where it was held error to refuse it, and in *Scanlan v. Chicago Union Traction Co.*, 127 Ill. App. 406. In both of those cases the accident happened between street crossings. There was evidence given on defendant's behalf in the instant case that Hays was hit ninety-eight feet north of the crossing, and that he did not get off of the southbound car and that it did not stop, thus supporting defendant's theory that intestate's crossing the street under such circumstances at such a time and place was not reasonably to be expected. Such evidence also had a bearing on the reasonableness of defendant's speed, whatever it was, and presented questions of fact, as to which defendant was entitled to instructions on his theory, if tenable. (*Browdy* case, *supra.*)

The instruction is directed to a situation where a duty suddenly and unexpectedly arises towards one suddenly placed in a position of danger without notice to or the fault of another by whom he is injured. It is usually applied where the circumstances are unusual and extraordinary and not such as could reasonably be anticipated. Because of the absence of evidence tending to show such conditions, an instruction based on the theory that the duty to avoid injury arose only so soon as the one charged therewith could by the exercise of ordinary care have had notice or knowledge of the unusual situation, was refused in *West Chicago St. R. Co. v. Petters*, 196 Ill. 298. But in the *Browdy* case, *supra*, the court held it was error to refuse it, there being evidence in the record to support said theory. So in view of the evidence adduced by defendant in this case, we do not think it was error to give the instruction. It required the jury to believe from the evidence "that the deceased was suddenly and without any fault on the part of the defendant, J. G. Stadelman, placed in a position of danger."

This manifestly referred to danger from defendant's machine, and for defendant to be without fault it comprehended exercise of ordinary care in operating his machine, not only at the time danger became apparent to him but, as the jury were told in the other instruction, "just prior to the time and place in question." Hence both instructions called on the jury to measure defendant's duty to avoid injuring pedestrians, not merely by his conduct at the instant of time when sudden danger was first discoverable, but before he reached the place of danger, and hence required consideration of the speed at which he approached the place. It is impossible to say whether the verdict was based on a finding of contributory negligence or absence of defendant's negligence. It was only as to the latter the instruction could be misleading. We cannot say that it was, however, even though it may be somewhat involved for the comprehension of an ordinary jury.

Another criticised instruction submitted to the jury's determination in substantially the same form as one on the same subject approved in *Chicago City Ry. Co. v. O'Donnell,* 208 Ill. 267, whether plaintiff's intestate, in the exercise of ordinary care, should have looked and ascertained whether defendant's automobile was approaching. The case of *Stack v. East St. Louis & S. Ry. Co.,* 245 Ill. 308 [1 N. C. C. A. 687], is cited in support of the criticism. The instruction disapproved in the latter case was, as pointed out therein, materially different from that approved in the *O'Donnell* case, *supra,* which was like the one in question, and we deem it unnecessary to point out again the distinction between them.

Another criticised instruction began with the statement that the fact of the accident itself alone was not evidence of negligence on the part of the defendant, and thus far, properly as we think, under the circum-

stances, told the jury it was not a case for the application of the doctrine of *res ipsa loquitur*. The rule of law was correct, though we are aware that the refusal to give a somewhat similar instruction in the *Petters* case, *supra,* was justified on the ground that it directed the jury's attention to a single item of the evidence. We are aware of no reversal for giving such an instruction in a proper case. But the instruction did not leave the jury's attention upon a single phase of the evidence but proceeded to tell them what were the two elements of proof essential to recovery, namely, negligence of the defendant and ordinary care by the deceased. The expression with regard to the latter contained superfluous words in requiring proof that plaintiff's intestate was free from any want of "ordinary care, prudence, vigilance and caution for his own safety." We do not think that use of the synonomous words "prudence, vigilance and caution," especially in view of other instructions stating that deceased was only bound to exercise ordinary care for his own safety, misled the jury to apply a different and higher degree of care than imputed by the words "ordinary care," though they might well have been omitted.

The remaining instruction criticised told the jury that the preponderance of the evidence did not necessarily depend on the number of witnesses testifying on either side, and that in determining on which side was the weight thereof, the jury were authorized to consider various enumerated matters such as the witnesses' relationship, motives, feelings, intelligence, interest or lack of interest, means of information, demeanor while testifying, etc., and concluded with a direction to give such credit to the testimony of each witness as under the evidence and circumstances they believed it to be entitled.

The instruction was not of the kind disapproved in

the cases cited by plaintiff in error which undertook to enumerate the elements to be taken into consideration in determining the credibility of witnesses or the preponderance of evidence and left out the element of the number of witnesses testifying. In the form given it has been so frequently approved that the citation of authorities seems unnecessary.

Finding no reversible error, we must affirm the judgment.

*Affirmed.*