Floyd Johnson, Appellee, v. E. F. Pendergast, Appellant.

Gen. No. 6,998.

1. AUTOMOBILES AND GARAGES—*violation of traffic ordinance as negligence.* Failure of the driver of an automobile parked at the curb between other cars to give the signal required by the city ordinance of her intention to turn the car into the street at an angle, although she looked back and saw no one coming, is negligence where the evidence shows that her car was not visible to traffic approaching from the rear, that the natural conditions were normal, the time midday, the street free of traffic and that she turned the car at a sharp angle into the center of the street across the street car tracks.

2. AUTOMOBILES AND GARAGES—*saluting passing driver in traffic as contributory negligence.* A motorcyclist is not guilty of contributory negligence in saluting a passing motorcyclist at midday where the pavement was dry and the street virtually free of traffic, and the evidence shows no connection between such conduct and

his collision a few seconds later with an automobile which turned from the curb across the street in front of him without giving any warning signal.

3. AUTOMOBILES AND GARAGES—*what speed excessive on closely built up business street under Motor Vehicle Act.* Operating a motorcycle at the rate of 12 miles per hour on a closely built up street in a business district of a city is not *per se* a violation of the Motor Vehicle Act, sec. 22 [Cahill's Ill. St. ch. 95a, ¶ 23], providing that no vehicle shall be operated at a speed greater than is reasonable and proper having regard to the traffic and use of the way or so as to endanger life, limb or property, and that a speed in excess of 10 miles an hour in the closely built up business portion of any incorporated municipality shall be prima facie evidence that the person operating the vehicle is running at a rate of speed greater than is reasonable and proper under the terms of the statute, since such provision against a speed in excess of 10 miles an hour is not a positive inhibition against a greater rate but merely a rule of evidence, the test being whether the speed is reasonable and proper under all the circumstances.

4. AUTOMOBILES AND GARAGES—*violation of statutory rate of speed in business districts as jury question.* It is for the jury to determine, in an action by a motorcyclist to recover for injuries received by colliding with an automobile which turned in the street without giving any warning signal, whether the motorcyclist was contributorily negligent in operating his vehicle at the rate of 12 miles an hour on a closely built up business street in a city when the collision occurred, where the evidence shows that the street was virtually free of traffic, the natural conditions of pavement and visibility good and that the automobile, which was parked at the curb between two other cars, turned into the street at a sharp angle without any warning signal having been given by the driver and was not seen by plaintiff until he was within 18 feet of it, when the collision could not be avoided; and its finding against contributory negligence is supported by the evidence.

5. APPEAL AND ERROR—*waiver of error not pointed out in briefs.* Assigned error in refusing to give requested instructions is waived by failure to point out such errors in the briefs on appeal.

6. DAMAGES—*recovery for future suffering and impaired ability to work.* A plaintiff who has suffered injuries which the evidence shows will result in future suffering, pain and loss of health and whose ability to work and efficiency in his employment have been materially impaired by the fact that one of his legs is materially shorter than the other as a result of the accident is entitled to damages therefor, and it is proper to so instruct the jury.

7. EVIDENCE—*admissibility of X-ray pictures.* In an action for damages for personal injuries, X-ray pictures showing plaintiff's

injuries are admissible in evidence where they are not of such a nature as to create in the minds of the jury any impression that the injuries are greater in extent than a consideration of the facts would warrant.

8. APPEAL AND ERROR—*permitting jury to take pleadings as harm-less.* Error in permitting the jury to take the amended declaration to its room is not reversible.

9. DAMAGES—*excessiveness.* An award of $4,800 for personal injuries is not excessive where the evidence shows that plaintiff had both bones in one leg broken just above the ankle, that he was compelled to remain in the hospital for about twenty-seven weeks and submit to a bone-grafting operation, that he has suffered permanent disability and disfigurement, and that his actual recoverable expenses exceed $1,600.

Appeal from the Circuit Court of Winnebago county; the Hon. ROBERT K. WELSH, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed August 5, 1922. Rehearing denied and opinion modified October 3, 1922.

REYNOLDS & RECKHOW, for appellant; MORRIS J. HINCHLIFF, of counsel.

GARRETT, MAYNARD & HULL, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

The appellee recovered a judgment in the circuit court of Winnebago county against the appellant in the sum of $4,800 for personal injuries and from that judgment this appeal is prosecuted. The suit was based upon the following facts: Margaret I. Pendergast, daughter of the appellant, drove his car along West State street in the City of Rockford and parked it on the north side of the street at a point about 75 feet west of the west line of Winnebago street which intersects West State street at right angles. She went into a store, did some marketing for the family, came out and stepped into the car to go home. There was a car parked immediately in front of her and one immediately behind. The street at that point is 44 feet

in width. A double street car line occupies the center of the pavement and it is 15.2 feet from the north curb of the pavement to the north rail of the tracks. The south half of the street was clear at the time and there was very little traffic on the street. Miss Pendergast (now Mrs. Schmauss) started the car and turned it sharply into the street putting it across the car tracks. Appellee came from the east on a motorcycle and ran into the left side of the car at the end of the running board. At the instant the motorcycle struck the car Miss Pendergast set the brake suddenly and the engine was stopped. The impact of the motorcycle was so great that the appellee was thrown under the car and both bones of his right leg were broken just above the ankle.

An ordinance in force in the City of Rockford at the time of the accident provides that when the driver of any vehicle intends to turn in the street, he shall indicate with his whip or hand the direction in which he intends to turn. The first count of the declaration charged negligence in Miss Pendergast's failure to observe this ordinance. Count seven of the declaration charged negligence generally. All other counts were taken from the consideration of the jury by the court.

Miss Pendergast testified that she did not give the warning prescribed by the ordinance but that she looked to see whether anyone was coming and, not seeing anyone, turned slowly into the street. The evidence discloses that the accident occurred about noon, that the pavement was dry and that at that time the street was virtually free of traffic. It is clear that the appellee was driving about 12 miles per hour just before the accident and at about 7 miles per hour at the time of the collision. He testified that he was about 18 feet from Miss Pendergast when he first saw her turning out into the street; that he tried to go south of appellant's car but could not, then tried to

go north of it and seeing he could not avoid a collision he was going straight west when the accident occurred.

Appellee was confined to the hospital for twenty-seven and one-half weeks. It became necessary to perform two operations upon his injured leg. In one of them a plate was fastened over one of the fractured bones with screws. The screws pulled out and the surgeons were compelled to perform an operation of bone grafting, taking a piece of bone about the size of a little finger from his other leg. As a result of the injury appellee's right leg is about three-fourths of an inch shorter than the other and he will always walk with a limp. He still experiences pain and exhaustion in his leg. Prior to the accident he had never had any trouble with it. He was 22 years old at the time of the trial. His direct financial loss is shown to be more than $1,600.

The appellant seeks a reversal of the judgment upon the ground that the verdict is unwarranted by the evidence because Miss Pendergast was not guilty of negligence; because appellee was guilty of contributory negligence; because it is excessive; because the court erred in permitting the jury to take the declaration to its room; because the court erred in giving certain instructions on behalf of the plaintiff hereinafter mentioned and in refusing the second, fifth and sixth instructions asked by the defendant, and because the court erred in admitting in evidence X-ray prints of the injury to appellee's leg.

The evidence in this case can leave no serious doubt in the mind of anyone that the driver of the automobile was guilty of the negligence charged in the two counts of the declaration as finally amended. It is, however, urged upon us that the plaintiff was guilty of contributory negligence because he was operating his motor vehicle at a speed in excess of 10 miles per hour and further because he had saluted the driver of a passing motorcycle about 75 feet east of where the

accident occurred.   We see no merit in appellant's contention concerning appellee's lack of due care resulting from his saluting another driver.   The evidence does not even tend to show that the situation was affected even in the slightest degree by appellee's conduct in that regard.

It is fully established by the evidence that appellee had been driving his motorcycle at a speed of about 12 miles an hour just before the accident occurred. Hence, it is insisted that such speed was excessive under the statute of this State and that appellee was therefore guilty of contributory negligence.   Section 22 of the Motor Vehicle Act [Cahill's Ill. St. ch. 95a, ¶ 23] provides that no person shall drive a vehicle "upon any public highway in this State at a speed greater than is reasonable and proper having regard to the traffic and the use of the way or so as to endanger the life or limb or injure the property of any person.   If the rate of speed of any motor vehicle or motor bicycle  *  *  *, operated upon any public highway in this State where the same passes through the closely built up business portions of any incorporated city, town or village exceeds 10 miles an hour  *  *  * such rate of speed shall be prima facie evidence that the person operating such motor vehicle or motor bicycle is running at a rate of speed greater than is reasonable and proper having regard to the traffic and the use of the way or so as to endanger the life or limb or injure the property of any person."   It will be observed that this statute does not contain any positive inhibition against operating a motor vehicle on a public street or highway through the closely built up business portion of the incorporated city, at a greater rate of speed than 10 miles per hour.   An examination of the above-mentioned section of the statute will disclose an evident purpose of the Legislature to avoid making an invariable limit in miles per hour for the operation of motor vehicles.   It recog-

nized that under certain conditions the driver of a motor vehicle might operate his machine at a rate of speed greater than 10 miles an hour in such a district without endangering either person or property. On the other hand, it also recognized that in such a district under other circumstances' the operation of a motor vehicle at a somewhat lesser rate of speed than 10 miles per hour would endanger life and property. Therefore, no fixed definite speed limit in miles per hour was prescribed. The inhibition is against operating such vehicle at a speed greater than is reasonable and proper having regard to the traffic and the use of the way or so as to endanger the life or limb or injure the property of any person, whether such speed be greater or less than 10 miles per hour.

The provision making such rate of speed prima facie evidence that the person operating such vehicle is running at a rate of speed greater than is reasonable and proper having regard to the traffic and the use of the way, etc., is not a limitation upon the speed of such a vehicle but is merely a rule of evidence. Proof of speed exceeding 10 miles an hour on a street or public highway where the same passes through the closely built up business portions of a city, town or village, is not conclusive evidence of negligence on the part of the driver nor is it conclusive evidence that the law of the State has been violated. It is merely prima facie evidence thereof. And it may be rebutted by other proof. When evidence is introduced tending to rebut such prima facie evidence, it then becomes a question for the jury to determine whether or not the speed was unreasonable. This question was fairly submitted to the jury, and the jury determined it in favor of appellee. In doing so, we believe it acted in accordance with the weight of the testimony. As we view the facts, appellee was not guilty of contributory negligence.

While counsel for appellant claim that the court

erred in refusing to give the second, fifth and sixth instructions asked by the defendant, they have not pointed out in their briefs wherein the error lies. The assignments of error as to these instructions are waived. The same may be said in reference to the second and fourth instructions given by the court at the instance of appellee.

We do not regard the objections raised against the fifth instruction given on behalf of appellee as well taken. There is evidence in the case strongly tending to show that the driver of the automobile did not give a signal as required by ordinance of the City of Rockford that she intended to turn her motor vehicle and, further, tending to show that because of her failure to give such signal, the collision in question occurred. The said instruction is predicated upon such evidence. What is said in *Berg v. Michell,* 196 Ill. App. 509, in reference to prima facie evidence of negligence has no application whatever to the instruction here given. What we said in the *Berg* case was that the law does not regard such rate of speed as negligence *per se* but only as prima facie evidence of negligence.

Counsel for appellant contends that the eleventh instruction given on behalf of appellee is erroneous because it does not confine plaintiff's damages to such injuries as were caused by the accident and also because under it the jury was authorized to assess damages for such future suffering and loss of health as he may sustain and for future inability to work. These contentions are not well grounded. The instruction expressly tells the jury that they "may find for him (the plaintiff) such sum as in the judgment of the jury from the evidence and under the instructions of the court in this case, will be a fair compensation for the injuries he has sustained, or will sustain, if any, so far as such damages are  *  *  *  shown by the evidence." Under the evidence the jury was warranted in finding that the plaintiff's injuries resulting from

the accident in question would cause future suffering, pain and loss of health. The fact that one of his limbs is materially shorter than the other as the result of his injuries will necessarily impair his efficiency in his line of employment and affect his ability for future work.

The court committed no error in giving either of the above-mentioned instructions nor was there any error committed by the court in admitting the X-ray pictures in evidence. There may be some instances where X-ray pictures may be calculated to create in the minds of the jury an impression that the injury is greater than a consideration of the facts would warrant. Still, that is no reason why the court should in all cases refuse to admit such pictures in evidence. As a general proposition they are admissible and it would only be because of some such instance as the one above mentioned that a court would be justified in refusing to admit them in evidence. The pictures in this case are not shown to have been such that they should have been excluded.

It is conceded that the jury was permitted to take to its room the declaration as amended. This should not have been done. (*Bernier v. Illinois Cent. Ry. Co.,* 296 Ill. 464.) But we do not think the judgment should be reversed because of such error.

It is seriously urged that the verdict in this case is excessive. We do not think so. Appellee was compelled to remain in the hospital for twenty-seven weeks and to submit to a bone grafting operation. Actual recoverable expenses amounted to more than $1,600. He is left with a permanent disability and disfigurement. Under the circumstances of the case the verdict is not excessive. The judgment of the court below is affirmed.

*Affirmed.*