## E. W. Wallace, Appellee, v. Yellow Cab Company, Appellant.

### Gen. No. 30,159.

1. HIGHWAYS AND STREETS—*speed law as creating only rule of evidence.* Motor Vehicle Law, sec. 22, Cahill's St. ch. 95a, ¶ 23, creates only a rule of evidence and leaves it to the jury, or court trying case without jury, to say whether or not running at speed in excess of 15 miles per hour is greater than is reasonable and proper.

2. HIGHWAYS AND STREETS—*when automobile's speed not unreasonable.* In action for damages to automobile received in collision at street intersection, finding that plaintiff was not driving his car at an unreasonable or improper rate of speed held proper under the evidence.

3. HIGHWAYS AND STREETS—*when rate of speed not proximate cause of collision.* In action for injury to automobile in colli-

sion at street intersection, court held justified in finding that speed of plaintiff's car, if excessive, was not proximate cause of collision.

4. HIGHWAYS AND STREETS—*when negligence of taxicab driver shown.* In action for injury to automobile in collision with taxicab at street intersection, finding that chauffeur of defendant's cab was negligent in not checking the speed of his cab held proper under the evidence.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JOHN F. O'CONNELL, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1925. Affirmed. Opinion filed October 6, 1925.

McGREAHAM, BLAKE & SHARP, for appellant.

WILLIAM A. MORROW and WALTER M. FOWLER, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

In an action, tried before the court without a jury, to recover damages to plaintiff's automobile because of defendant's cab colliding with it, in the intersection of Dearborn and Goethe streets, Chicago, on the evening of March 14, 1922, there was a finding and judgment in plaintiff's favor for $215, and defendant appealed. No question is raised as to the amount of the damages awarded.

The undisputed facts are in substance as follows: The intersection is in a residential portion of the city. Plaintiff was driving his car north in Dearborn street, about six feet from its east curb, approaching the intersection. Defendant's chauffeur was driving its cab east on the south side of Goethe street, approaching the intersection. Each driver saw the other car before it reached the intersection. Plaintiff's car was approaching from the right of defendant's car. Each car continued on its course. The rear wheels of plaintiff's car had just passed the middle of Goethe street, in the intersection, when the colli-

sion occurred. There was little traffic in the streets at the time. Defendant's cab struck the rear wheels of plaintiff's car with such force as to push it against the curb at the northeast corner of the intersection, and cause its rear wheels to be broken off, its frame, one axle and some fenders to be bent and its doors and radiator to be damaged.

The evidence is conflicting as to speed of the two cars. Plaintiff testified that, just before he entered the intersection and when he first observed the lights of defendant's cab, approaching from his left and being then about a quarter of a block west of the intersection, he was driving his car at a speed of "about 15 miles per hour," which rate was continued up to the time of the collision. Defendant's chauffeur testified that as he approached Dearborn street his cab was moving at about 12 or 15 miles per hour, which speed he "believed" he maintained up to the time of the collision; that the reason he was going slow was because he knew his brakes were not in good condition; and that at the time of and immediately before the collision plaintiff's car "was going between 25 and 30 miles per hour." A clear preponderance of the testimony of all the eyewitnesses discloses that plaintiff's car entered the intersection first and had the right of way (section 33, Motor Vehicle Law, Cahill's St. 1921, p. 2364); and the physical facts of the collision show that defendant's cab was moving at a very excessive speed.

While practically conceding that defendant's chauffeur was guilty of negligence, defendant's counsel contend that plaintiff was guilty of contributory negligence, barring any recovery by him, because he was driving his car at a rate of speed in excess of 15 miles per hour. Section 22 of said Motor Vehicle Law (Cahill's St. 1921, p. 2360) has reference to passenger vehicles of the class of plaintiff's and defendant's, and provides: "no person shall drive a vehicle of the first division as described in section 2 of this Act, upon any

public highway in this State at a speed greater than is reasonable and proper having regard to the traffic and the use of the way or so as to endanger the life or limb or injure the property of any person. If the rate of speed of any motor vehicle * * * of said first division, * * * operated on any public highway in this State where the same passes through the residence portions of any incorporated city, town or village, exceeds fifteen (15) miles an hour, * * * such rates of speed shall be *prima facie* evidence that the person operating such motor vehicle * * * is running at a rate of speed greater than is reasonable and proper having regard to the traffic and the use of the way or so as to endanger the life or limb or injure the property of any person." And counsel's argument, as we understand it, is, that plaintiff was driving at a rate of speed prohibited by the statute, and, hence, he must be held guilty of negligence. We cannot agree with the argument or the conclusion. The statute does not fix a speed limit of 15 miles per hour in a residential portion of an incorporated city, but prohibits a rate of speed "greater than is reasonable and proper having regard to the traffic and the use of the way or so as to endanger the life or limb or injure the property of any person." (*People v. Lloyd,* 178 Ill. App. 66, 70; *Berg v. Michell,* 196 Ill. App. 509.) And it merely prescribes a "rule of evidence," viz., that driving a motor vehicle of the class mentioned in a residential portion of an incorporated city in excess of 15 miles per hour shall be "*prima facie* proof of running at a rate of speed greater than is reasonable under the circumstances." (*Gordon v. Stadelman,* 202 Ill. App. 255, 259.) And leaves it to the jury, or in a case tried without a jury to the court, to say whether or not the running at a speed in excess of 15 miles per hour is "greater than is reasonable and proper having regard to the traffic and the use of the way," etc. (*People v. Lloyd, supra.*) In the present case, even if plaintiff was

driving his car at a speed in excess of 15 miles per hour (though on this point the evidence is conflicting), we think the court was fully justified in finding that the speed at which plaintiff's car was running at and before the time of the collision was not unreasonable or improper, in view of all the facts and circumstances in evidence. And we think that the court was also justified in finding that the speed at which plaintiff's car was running was not the proximate cause of the collision, and that it was caused by the negligent failure of defendant's chauffeur to check the speed of the cab and allow plaintiff's car to pass in front of it. (*Lenartz v. Funk*, 224 Ill. App. 180, 185; *Lerette v. Director General of Railroads*, 306 Ill. 348, 353.) And clearly the finding and judgment are not against the manifest weight of the evidence, as counsel also contend.

The judgment of the municipal court should be affirmed, and it is so ordered.

*Affirmed.*

BARNES, P. J., and GRIDLEY, J., concur.