(January 30, 1919.)

## STATE, Respondent, v. HARRY ROBERTS, Appellant.

[178 Pac. 80.]

CRIMINAL LAW—RAPE—IDENTITY OF ACCUSED—EVIDENCE, SUFFICIENCY OF.

1. Where, as in this case, there is a want of substantial evidence to establish the identity of the defendant as the person who committed the offense, the judgment will be reversed.

APPEAL from the District Court of the Fourth Judicial District, for Lincoln County. Hon. Wm. A. Babcock, Judge.

Defendant was convicted of rape. *Reversed.*

T. A. Walters, Attorney General, J. P. Pope, Assistant, and Harlan D. Heist, Prosecuting Attorney, for Respondent, cite no authorities on point decided.

Henry M. Hall and Paul S. Haddock, for Appellant.

All circumstances are against possibility of identification. The verdict has no foundation in the testimony. (*State v. Baker,* 6 Ida. 496, 56 Pac. 81; *State v. Anderson,* 6 Ida. 706, 59 Pac. 180.)

BUDGE, J.—The defendant was convicted of rape and sentenced to a term of imprisonment in the state penitentiary, for not less than five nor more than twenty years. This appeal is from the judgment.

Appellant specifies four particulars in which it is contended that the evidence is insufficient to sustain the verdict of the jury. From our examination of the record, we find it unnecessary to consider the insufficiency of the evidence, except in so far as it affects the question of the identity of appellant as the person who committed the offense.

In criminal cases, the prosecution is required to prove two things, first, that a crime has been committed, and, second,

that it was committed by the person charged and by none other.

On the night of April 11, 1917, the prosecutrix, while on her way home from a moving-picture show, was suddenly seized by some person and dragged a half block to a beet dump, where she was outraged. Upon her arrival at her father's home, she made complaint and gave a description of her assailant. In subsequent conversations she described him to her sister and others. There is some variance in the descriptions given by her to the various parties with whom she conversed in regard to the matter. To some of the witnesses she described him as a medium-sized man, with dark mustache, dark hair, and wearing a tan suit, while to one witness she stated that he had blue eyes. She described the night as being very light. Other witnesses testified that it was a very dark night. Several parties were brought before her for the purpose of identification, but she was unable to identify her assailant out of the number so brought.

The assault was committed on Wednesday night. On the Saturday following, the appellant, in search of his mother, went to the Armstrong store, where the prosecutrix and her sister happened to be, whereupon he was pointed out by the prosecutrix as the guilty party, although at that time he had not spoken in her presence or hearing.

The evidence shows that, before the assault, they had attended the same school in the village of Jerome at the same time; that about one month prior thereto she had been at the home of the appellant in search of a house to rent; that she conversed with him and his sister, and was informed by them that the house in which they lived was not for rent, but a house in the immediate neighborhood was for rent, to which latter house she was conducted by the appellant. She testified that her assailant, prior to outraging her, carried on a conversation with her in which he asked her what her name was, where she resided, what her age was, and whether she had theretofore been guilty of questionable conduct; that he took a revolver from his pocket, laid it down near by, and

made certain threats, etc.; that she was positive he was a man of medium size, black hair, black mustache, and described his clothes.

She testified that she did not know who her assailant was at the time of the assault, nor at any time up until the following Saturday, when she pointed out the appellant.

She said that she could identify her assailant by his tone of voice, but as we have seen, she did not so identify the appellant herein.

There is no evidence in the record that appellant and the prosecutrix were seen together, no admissions or confessions made by him, and no corroborating facts or circumstances identifying him as the person who committed the offense, other than that his clothes and general description may be said to correspond generally with the description she gave of her assailant. The only evidence tending to identify appellant as her assailant is her testimony that he is the man who assaulted and outraged her.

In view of the fact that the prosecutrix did not know who her assailant was on the night the assault was committed upon her, or where he resided in the village of Jerome, and did not recollect ever having seen him before, notwithstanding she was with him at the time of the assault for three-quarters of an hour, during which time they carried on a conversation, that she was able to describe him so minutely, and that the night was light, we cannot reach the conclusion that she was able with any degree of certainty to identify the appellant as the person who committed the assault.

In all communities where a heinous crime, like the one under consideration, committed upon a young and inoffensive girl, becomes the subject of inquiry, there is more or less excitement, and it naturally follows that where a person is charged with such a crime, the prejudice of the community is aroused. Therefore great caution should be used to avoid a miscarriage of justice, and the identity of the defendant should be established beyond a reasonable doubt.

Having reached the conclusion from a careful examination of the entire record that there is a want of substantial evi-

dence to establish the identity of the defendant as the person who committed the offense, the judgment will be reversed and a new trial granted, and it is so ordered.

Morgan, C. J., and Rice, J., concur.