RED CURL v. THE STATE.

No. 18238.   Delivered May 13, 1936.

The opinion states the case.

*A. T. Russell* and *Denman & Fowler,* all of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for arson; punishment, two years in the penitentiary.

The indictment in this case charged that V. E. Futch and Red Curl on or about the 18th day of December, 1934, * * * did then and there unlawfully and with intent to defraud wilfully set fire to and burn certain personal property owned by themselves, to wit: An automobile, which said property was at the time insured against loss or damage from fire, etc.

The testimony shows without dispute that the automobile in question was the property of V. E. Futch, and that same was insured in favor of said Futch, and that, being desirous of having same burned in order that he might secure the insurance, said Futch procured the aid and assistance of appellant to carry out said scheme, promising to pay him when he got his insurance. The facts show that Futch purchased a can of kerosene, and in company with appellant went to a certain point in the woods where Futch poured upon said car the kerosene, and then told this appellant to set it on fire, but to wait until he, Futch, had gone a little ways up the road; also that appellant did set fire to the car when Futch was approximately seventy-five yards away, and said automobile was destroyed.

At the close of the testimony appellant requested a special charge that the jury be told to acquit because of a variance between the allegation and the proof, based on the fact that it was alleged that the automobile belonged to both said parties, and the proof showed it to belong entirely to Futch, and that appellant had no interest in same. It is apparent under the terms of Art. 1322, P. C., that it would be necessary to properly allege the ownership of the burned property, and support these averments by proof. In practically all prosecutions wherein the element of ownership of property is necessary of averment and proof, a variance between the allegation and supporting testimony has been held fatal. We think the rule must have application here, and that the trial court erred in declining to respond to the request of the appellant in the matter above referred to.

We also note that an exception was reserved to the court's charge for its failure to inform the jury that before they could

convict they must believe that the property destroyed was the joint property of both said parties.

We see no need for further setting out the facts in view of our conclusion above expressed.

For the reasons mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*