## Castner v. Castner, et al.

(Decided December 1, 1922.)

## Appeal from Boyd Circuit Court.

Bills and Notes—Non Est Factum.—In suit on note, verdict sustaining plea of non est factum held not flagrantly against the evidence although a witness for plaintiff testified to having seen the ostensible maker sign and deliver it, which was contradicted only by evidence that the signature was not in his handwriting. ·

PRICHARD & MALIN for appellant.

H. R. DYSARD and JOHN S FULLERTON· for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant instituted this action against appellees, the personal and real representatives of W. H. Castner, deceased, to recover judgment upon two notes for $6,000.00 each alleged to have been executed and delivered by decedent to appellant.

The defendants denied the execution or delivery of the notes by decedent, and a trial of that issue before a jury resulted in a verdict for the defendants and a judgment dismissing the action. ·

Upon this appeal from that judgment the only question is whether or not the verdict is flagrantly against the evidence.

For the plaintiff, one witness, Miss Elizabeth Steinbacher, testified that she was present and saw decedent execute and deliver the notes, and two other witnesses testified the notes, as well as the signatures thereto, were in the handwriting of decedent, with which they were well acquainted.

For the defendants, twelve witnesses who were familiar with the handwriting and signature of decedent—including his bankers and business associates—testified positively that the notes were not written or signed by him, and two handwriting experts testified that the signatures on the notes were not in their judgment in the same handwriting as the signature of decedent to a deed which it is admitted he signed six days before the date the notes bear.

In addition, photographic plates of the notes and decedent's signature to the deed were introduced and are before us, and we are quite unable to say the verdict is

against the evidence, much less that it is so flagrantly so as to indicate passion or prejudice upon the part of the jury.

The argument that the verdict is flagrantly against the evidence is based upon the fact that one witness testified for plaintiff that she saw decedent execute and deliver the notes, and that such evidence can not be overcome by simply proving by experts and those familiar with decedent's signature and handwriting that in their judgment he did not sign his name to the notes.

No authority is cited in support of this novel proposition, which, in our judgment can not possibly be the law.

Judgment affirmed.