### JOHNSON v. JOHNSON et al.

Court of Appeals of Kentucky.

April 24, 1956.

Joe Hobson, Prestonsburg, for appellant.

Harry R. Burke, Prestonsburg, for appellees.

DUNCAN, Justice.

This will contest proceeding involves the genuineness of an instrument dated February 19, 1946, purporting to be the last will and testament of Bee Johnson, father of the appellant, Tom Johnson, and the principal appellee, James Johnson. The finding was against the will in both the county and circuit courts.

The will was purportedly executed by the testator in the presence of R. L. Ratliff and Pokie Johnson as attesting witnesses. Ratliff died before the will was offered for probate, and its execution was shown by Pokie Johnson, the surviving witness. Avonelle Johnson, the wife of the appellant, Tom Johnson, testified that she was present and observed the execution of the will by the testator and the attesting witnesses. The latter testimony, although incompetent, was admitted without objection.

Against the will, two sons of R. L. Ratliff, who claimed to be familiar with his handwriting, testified that in their opinion his purported signature as attesting witness was not in the handwriting of their father. W. J. May, cashier of the Bank of Josephine and an employee of that institution for thirty-eight years, testified that the testator had been a depositor of the bank for many years and he had acquired a familiarity with Bee Johnson's signature through observing his checks as they passed through the bank. This witness testified that in his opinion the purported signature of Bee Johnson to the will was not in the handwriting of the testator and that he would have refused payment of a check bearing the signature as it appeared on the will.

A letter purportedly written by the testator to Kentucky-West Virginia Gas Company concerning the use of free gas on his land was introduced, apparently for the purpose of comparison of signatures. Mr. May testified that in his opinion the signature appearing on the letter was not genuine and was written by the same person who had signed the will. An effort is made to weaken the testimony of Mr. May by pointing to the fact that the genuineness of the signature on the letter was conceded by the parties to this action in a previous suit between them and Kentucky-West Virginia Gas Company, and an agreed order concerning the letter which was entered in the former action is introduced as evidence in this case. The order merely recites that photostatic copies of the letter and the re-

ply to it may be filed and treated as evidence in that case without formal introduction. We do not construe the order as necessarily conceding that Bee Johnson actually signed the letter, but whatever its effect and regardless of the concession that may have been made or intended, it does not destroy the possibility that the letter may have been signed by someone other than Bee Johnson, either with or without his consent.

Appellant insists, as his sole ground for reversal, that the opinion evidence was not sufficient to overcome the testimony of the attesting witness and the wife of the appellant. Upon this premise, it is insisted that a peremptory instruction should have been given to find for the will. The cases of Pioneer Coal Co. v. Polly, 208 Ky. 548, 271 S.W. 592; Polley v. Cline's Ex'r, 263 Ky. 659, 93 S.W.2d 363; Hartford Fire Insurance Co. v. Webb, 281 Ky. 276, 135 S.W.2d 883; Roberts v. McCown, 288 Ky. 543, 156 S.W.2d 840; Herd v. Herd, 293 Ky. 258, 168 S.W.2d 762; and Martin v. Webb, 300 Ky. 11, 187 S.W.2d 828, are relied upon as supporting appellant's position.

In the Pioneer Coal Company case, the authenticity of a signature to a workmen's compensation register was involved. One witness testified positively to having observed the employee in question sign the register. Other witnesses testified that they were familiar with the employee's handwriting and the signature was not in his handwriting. Three other witnesses heard the employee admit that he had signed the register. As opposed to this testimony, relatives of the deceased, all of whom were illiterate, testified that the signature was not genuine. This testimony was held to be insufficient to overcome the positive testimony as to the genuineness of the signature.

In the Cline case, which involved the question of whether or not the signature to a will was that of the testatrix, there was, in addition to the testimony of the surviving attesting witness, strong supporting testimony as to statements of the testatrix referring to the existence of the will.

There was also evidence from witnesses acquainted with the handwriting of the deceased attesting witness that his purported signature was genuine. As opposed to this testimony, five skilled witnesses were introduced, none of whom was familiar with the handwriting of the testatrix, and testified merely from comparison that in their opinion the signature on the will was a forgery. This Court pointed out that the testimony of the so-called skilled expert witnesses was of the weakest class known to the law and would not have been competent but for the enactment of what is now KRS 422.120, which authorizes the introduction of documents for the purpose of comparison. It was there held that the latter testimony was insufficient to overcome the evidence for the proponents of the will.

Without extending the opinion, we may say that we have examined all other authorities cited by appellant as well as other cases to the same effect and in every instance the testimony supporting the questioned signature was stronger than that in the present case.

We are unable to find any authority, either domestic or foreign, supporting the proposition that opinion evidence concerning handwriting must invariably and in every case yield to the testimony of a witness or witnesses who claimed to have been present and observed the execution of the document in question. In weighing this class of testimony, we must do so in every case in relation to the testimony which it opposes. The cases cited by appellant merely hold that under the facts of those particular cases the evidence of the witnesses expressing an opinion as to the handwriting involved did not overcome the testimony supporting the documents.

In Castner v. Castner, 196 Ky. 660, 245 S.W. 281, 282, this Court held that the testimony of a witness that she saw the decedent execute and deliver certain notes was not conclusive and could be overcome by the testimony of handwriting experts and others familiar with decedent's handwriting that in their judgment he did not sign the notes. In that case, it was said:

"The argument that the verdict is flagrantly against the evidence is based upon the fact that one witness testified for plaintiff that she saw decedent execute and deliver the notes, and that such evidence cannot be overcome by simply proving by experts and those familiar with the decedent's signature and handwriting that in their judgment he did not sign his name to the notes.

"No authority is cited in support of this novel proposition, which, in our judgment, cannot possibly be the law."

The only evidence supporting the will is that of Pokie Johnson, the surviving attesting witness, who is related to all the parties, and Avonelle Johnson, the wife of the principal beneficiary. We think the evidence was sufficient to present an issue of fact for the jury and to sustain its verdict.

The judgment is affirmed.