The State v. Pfeifer.

No. 20,029.

THE STATE OF KANSAS, *Appellee*, v. ANTON PFEIFER, *Appellant.*

SYLLABUS BY THE COURT.

INFORMATION — *Driving Automobile at Excessive Speed — Information Fails to Charge a Public Offense.* An information which merely charges that a defendant drove his automobile past two persons traveling in a buggy in the same direction on the public highway in the open country at a greater speed than eight miles an hour, but which does not charge defendant with driving at an unreasonable or dangerous speed, nor with failure to have due regard for the traffic or use of the road or its condition, nor at a speed which endangered the life or limb of any person, nor otherwise with failing in his duty to observe the rules of the road, does not state a penal offense under chapter 65 of the Laws of 1913.

Appeal from Ellis district court; JACOB C. RUPPENTHAL, judge. Opinion filed December 11, 1915. Reversed.

*J. P. Shutts,* and *E. A. Rea,* both of Hays, for the appellant.

*S. M. Brewster,* attorney-general, and *E. C. Flood,* county attorney, for the appellee; *J. H. Simminger,* of Hays, of counsel.

The opinion of the court was delivered by

DAWSON, J.: The appellant was convicted and fined $15 for an alleged violation of chapter 65 of the Laws of 1913, which regulates the operation and speed of automobiles upon the public highway.

The information reads:

"That on or about the 8th day of November, 1914, one Jacob Schoendaller and his wife Sussana Schoendaller, were riding along the public highway in the county of Ellis, State of Kansas, (outside of any city or village) in a one horse buggy to which buggy was hitched one horse, which horse the said Jacob Schoendaller was driving at the time, when they were overtaken by the defendant Anton Pfeifer, who was then and there driving and operating a certain motor vehicle, commonly called an automobile, and going in the same direction as the said Schoendaller and wife were driving as aforesaid; that said Anton Pfeifer was then and there driving and operating said automobile at a speed greater than eight miles an hour and that upon approaching said horse and buggy in which said Schoendaller and wife were driving as aforesaid, he, the said Anton Pfeifer, then and there unlawfully failed and neglected to reduce the speed of said automobile which he was driving and operating as afore-

said to a rate not exceeding eight miles an hour, but on the contrary he, the said Anton Pfeifer, did then and there in said county of Ellis, State of Kansas, on the public highway aforesaid (outside of any city or village) wilfully and unlawfully operate and drive said automobile by and past said horse and buggy in which said Jacob Schoendaller were then and there riding as aforesaid at a speed much greater than eight miles an hour."

A motion to quash was overruled. A jury was waived; the defendant pleaded not guilty, but admitted that he was traveling (outside of any city or village), while passing a vehicle going in the same direction as himself, at a speed greater than eight miles an hour.

Error is assigned on the court's construction and application of the statute, which in part reads:

"SEC. 7. No person shall operate a motor vehicle on any highway outside of a city or village at a rate of speed greater than is reasonable and proper, having regard for the traffic and use of the road and the conditions of the road, nor at a rate of speed such as to endanger the life or limb of any person; provided that a rate of speed in excess of twenty-five miles an hour shall be presumptive evidence of driving at a rate of speed which is not careful and prudent in case of injury to the person or property of another; and within any city or village no motor vehicle shall be operated at a speed greater than twelve miles an hour or at a rate of speed greater than is reasonable and proper, and having regard for the traffic and use of the road, and the condition of the road, nor at a rate of speed such as to endanger the life or limb of any person. Upon approaching railroad crossing and intersection of highways, or a bridge or a sharp curve or a steep descent, or another vehicle or an animal or person outside of any village or city, the person operating a motor vehicle shall reduce the speed of such vehicle to a rate not exceeding eight miles an hour and shall not exceed such speed until entirely past such intersection, bridge, curve, descent, vehicle, animal or person. When crossing intersection of streets within any city or village, motor vehicles shall not be driven at a speed exceeding six miles per hour. Provided, that the speed limits in this section shall not apply to physicians or surgeons or police or fire vehicles or ambulances when answering emergency calls demanding excessive speed.

"SEC. 8. Any person operating a motor vehicle shall at request or on signal by putting up the hand, from a person riding or driving a restive horse or other draught or domestic animal, bring such motor vehicle immediately to a stop, and if traveling in the opposite direction remain stationary so long as may be reasonable to allow such horse or animal to pass, and if traveling in the same direction, use reasonable caution in passing such horse or animals, and the operator or occupant of any motor vehicle shall render necessary assistance to the party having in charge such a horse or other draught animal in so passing. Whenever any

person traveling with any vehicle or conveyance on any road in this state shall overtake another vehicle or conveyance traveling in the same direction and shall by sound or call indicate to the driver thereof his or her desire to pass, it shall be the duty of the driver of the vehicle or conveyance in front, if the nature of the ground or the condition of his load will permit it, to promptly turn to the right of the center of the road and the driver of the vehicle or conveyance behind shall then turn to the left of the center of the road and pass by without interfering or interrupting, and the driver of said vehicle or conveyance passing shall not return to the center of the road until at least thirty (30) feet ahead of the vehicle or conveyance passed." (Laws 1913, ch. 65.)

Read in the light of this statute, does this information charge a public offense?

The statute permits the driver of an automobile to overtake and pass a vehicle of less speed than an automobile (§ 8), and prescribes how it may be done. It does not require the driver of the other vehicle to reduce his speed. Yet the motorist is authorized to pass if he can do so with due regard to the other provisions of the statute. The motorist is forbidden to drive at any rate of speed greater than is reasonable and proper; he is required to have regard for the traffic and conditions of the road; he is forbidden to drive at any speed which will endanger life and limb, and specific directions are given by the statute to slow down while passing persons whom he may meet. Do these directions regulate his conduct in overtaking and passing persons, vehicles, etc., going in the same direction as the motorist? Undoubtedly some of them do. But it is a matter of common knowledge that good horses, and they are not yet extinct in Kansas, can travel at eight miles an hour and even at greater speed. This statute gives the motorist the right to overtake and pass a horse-drawn vehicle, and it is physically impossible to overtake and pass such vehicle if the provision reducing his speed to eight miles an hour applies to his right to pass persons riding in a horse-drawn vehicle driven and going in the same direction. There must be room for a common-sense interpretation of this provision of the statute. Certainly the legislature never intended that a motorist should dawdle along behind a horse and buggy on the public road under all circumstances, if the speed of the latter were such that an automobile could not pass without exceeding eight miles an hour. (12 Cyc. 148, 149.)

If defendant drove his car at an unreasonable speed, he may be prosecuted. If he endangered the life or limb of any person he may be prosecuted. If he failed to use caution in passing Mr. and Mrs. Schoendaller, or if their horse became restive on his approach and he did not stop his car and render them assistance in subduing its excitement—for any shortcoming touching these rules of the road the defendant may be prosecuted under this statute. But since the statute gave him the right to pass the horse and buggy, and in so doing he did not fail, so far as charged, to observe all these pertinent regulations of the statute, he can not be convicted on the mere fact that he was going necessarily at a greater speed than eight miles an hour when he passed these people who were traveling with their horse and buggy in the same direction.

This case is reversed with instructions to set aside the judgment and sustain defendant's motion to quash.