(No. 6150.   October 5, 1934.)

STATE, Respondent, v. MALCOLM BENTLEY, Appellant.

[36 Pac. (2d) 532.]

A. S. Dickinson, for Appellant.

Bert H. Miller, Attorney General, Ariel L. Crowley, Assistant Attorney General, and F. J. Cowan, Prosecuting Attorney of Bingham County, for Respondent.

GIVENS, J.—A. C. Carlson and Malcolm Bentley were convicted of forgery.   On appeal, Carlson's conviction was sustained but Bentley was granted a new trial because of the insufficiency of the evidence against him. (*State v. Carlson*, 53 Ida. 139, 22 Pac. (2d) 143.)

Appellant's sole assignment of error is the insufficiency of the evidence to sustain his second conviction herein appealed from.

At the retrial, in addition to evidence similar to that introduced at the first trial, detailed in the opinion on the former appeal above referred to, there was testimony by handwriting experts that the signature on the allegedly forged check was made by the same person who signed two identification finger-print cards.   These identification cards were signed by appellant at the Bingham county jail.

Appellant's mother and brother testified on his behalf that the signature on the check was not his, and the defense generally was a denial that the defendant had signed the check in question and that it had been signed by Carlson in collusion with the complaining witness' wife, then estranged from her husband; she did not appear as a witness, and the showing in this particular was only inferential.

Conceding the dispute and contradiction as to who signed the check in question, the circumstances are not such as to render impossible or improbable the conclusion of the state's handwriting experts, nor, except by such contradiction, were they impeached, and added to their conclusions was the opportunity for the jury itself to compare the disputed check with the exemplar. Furthermore such comparison by the court itself does not so necessarily lead to a contrary conclusion as to render *Bane v. Gwinn*, 7 Ida. 439, 63 Pac. 634, decisively in point.

Considered with all the circumstances shown by the testimony herein, the authorities sustain the conclusion that this expert testimony is sufficient to overcome the deficiencies of the first trial and sustain the conviction herein. (*Castner v. Castner*, 196 Ky. 660, 245 S. W. 281; *People v. Driggs,* 14 Cal. App. 507, 112 Pac. 577; *Baird v. Shaffer*, 101 Kan. 585, 168 Pac. 836, L. R. A. 1918D, 638, and note; *In re Zimmerli's Estate*, 162 Wash. 243, 298 Pac. 326; *Rolland v. Porterfield,* 183 Cal. 466, 191 Pac. 913, at 914, 915; 11 R. C. L. 620–622; *In re Yowell's Estate*, 75 Utah, 312, 285 Pac. 285; *State v. Ryno,* 68 Kan. 348, 74 Pac. 1114, 64 L. R. A. 303.)

Judgment of conviction affirmed.

Budge, C. J., and Morgan, Holden and Wernette, JJ., concur.