(No. 6248.   October 2, 1935.)

STATE, Respondent, v. ELLICK RANKIN, Appellant.

[50 Pac. (2d) 3.]

P. J. Evans, for Appellant.

Bert H. Miller, Attorney General, and Ariel L. Crowley, Assistant Attorney General, for Respondent.

BUDGE, J.—Appellant was informed against, tried and convicted of the crime of receiving personal property, knowing the same to have been stolen, under the provisions of I. C. A., section 17–3512, and was sentenced to confinement in the state penitentiary for three years, the sentence being commuted to five months in the Franklin county jail. This appeal is from the judgment.

Motion was made by the attorney general to affirm the judgment of conviction for failure upon the part of appellant to file and serve his brief within the time provided by rule 45 of this court. Upon sufficient showing made by appellant the motion was denied and appellant was permitted to file and serve his brief.

The material evidence may be summarized as follows: Appellant, while driving through the streets of Brigham City, Utah, in an automobile, to which was attached a trailer loaded with wool, was observed by the sheriff of Box Elder county, who followed appellant to the Broom Hide and Seed House where he asked appellant his name and where he obtained the wool. Appellant gave a fictitious name and stated that he had obtained the wool from his own sheep located on the Lew Richardson ranch west of Strevell, Idaho, which statements, upon investigation, proved to be false. The sheriff upon ascertaining the falsity of the statements made by appellant to him questioned appellant further about the discrepancies in his story. It is urged that appellant then made the statement that the wool was ''hot'' wool and informed the sheriff that if he could find the owner ''to go to it,'' or words to that effect. Appellant in answer to questions by the sheriff and deputy sheriff of Franklin county stated that he had had the wool at his place in Franklin county between a week and ten days and that it

was delivered to him at that point. F. D. Olson owned and sheared, during the 1934 season, about 600 head of sheep. Forty fleeces were allegedly stolen from Olson's premises. Olson and his son-in-law, Ostergar, went to Brigham City upon learning that stolen wool had been sold to the Broom Hide and Seed House, and there is evidence in the record that Olson and Ostergar identified, by a peculiar tie used in tying the fleeces, a number of fleeces in the Broom warehouse as being part of those allegedly stolen from Olson.

There is but one assignment of error that need be discussed or considered, namely, the sufficiency of the evidence to sustain the verdict and judgment.

We have carefully examined the record and have failed to find any evidence that shows or tends to show that wool allegedly stolen from Olson and attempted to be identified by him and his son-in-law, Ostergar, was the same wool or a part of the wool that appellant had had in his possession and sold or left at the Broom Hide and Seed House. In other words, there is no evidence that the wool examined by Olson and Ostergar and identified by them was the same wool or a part of the wool which appellant had had in his possession. In order to sustain a conviction of appellant of the charge laid in the information it was incumbent upon the state to establish beyond a reasonable doubt that the wool, identified by, and alleged to have been stolen from, Olson, was the identical or same wool found in the possession of appellant, as well as that appellant had obtained possession thereof for his own gain or to prevent the owner from again possessing his property, knowing the same to have been stolen. (I. C. A., sec. 17–3512.) To authorize a conviction of the offense charged the existence of all the elements of the offense charged must be established beyond a reasonable doubt. (*State v. Hurst*, 36 Ida. 156, 209 Pac. 724; *State v. Sullivan*, 34 Ida. 68, 75, 199 Pac. 647, 17 A. L. R. 902; *State v. Dawe*, 31 Ida. 796, 177 Pac. 393; *State v. Platts*, 31 Ida. 19, 168 Pac. 1143; *State v. Roberts*, 32 Ida. 96, 178 Pac. 80.) Evidence which creates nothing more than a suspicion of guilt, although it be a

strong suspicion, is not sufficient to sustain a conviction. (53 C. J. 534; 16 C. J. 1520.)

The judgment must be reversed and it is so ordered.

Givens, C. J., and Morgan, Holden and Ailshie, JJ., concur.