## MAY 31, 1944

### I. S. BELL V. THE STATE.

No. 22825. Delivered April 12, 1944.
Rehearing Denied May 31, 1944.

The opinion states the case.

*Howard J. Hendrix, W. D. Avra, J. H. Letts,* and *Peden & Stevens,* all of Houston, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is an arson case; the punishment, five years' confinement in the state penitentiary.

The indictment alleged ownership of the burned building "as a house then and there owned by the said I. S. Bell, and occupied by and in possession of Estell Parker."

The facts affirmatively reflect that, at the time of the fire, Estel Parker was a married woman, and that she and her husband were using and occupying the house as their house, and as tenants of the appellant.

Appellant insists that, under such facts, Estell Parker could not have had the possession and control of the house as would authorize the State to so allege.

Upon this question, Art. 402, C. C. P., provides as follows:

"Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either. Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them. When the property belongs to the estate of a deceased person, the ownership may be alleged to be in the executor, administrator or heirs of such deceased person, or in any one of such heirs. Where it is the separate property of a married woman, the ownership may be alleged to be in her, or in her husband. Where the ownership of the property is unknown to the grand jury, it shall be sufficient to allege that fact."

This Article has application in arson cases. Lemley v. State, 135 Tex. Cr. R. 148, 117 S. W. (2d) 435; Morgan v. State, 114 Tex. Cr. R. 478, 22 S. W. (2d) 461; Banks v. State, 143 Tex. Cr. R. 61, 157 S. W. (2d) 360. Under said article, it has been the consistent holding of this court that, where property is the community property of the husband and wife, and if they are living together, ownership thereof should be alleged in the husband. Turner v. State, 144 Tex. Cr. R. 359, 163 S. W. (2d) 205; Barnes v. State, 135 Tex. Cr. R. 111, 117 S. W. (2d) 441; Morgan v. State, supra.

There is an absence of any facts in this record that would render inapplicable here the rule just stated.

We agree with appellant's contention that the facts are insufficient to support the State's allegation of possession and control of the house in Estell Parker. Lemley v. State, supra.

It follows that the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The State has filed a motion for rehearing in which the contention is made that the naming of Estell Parker as being in possession of the house is merely descriptive of the property involved.

The record shows that appellant was the owner of the house; that he owned other houses and that some of them were ignited at the same time as the one in question. We think that the allegation must be considered as descriptive of the offense. If it informs him which house was involved, it also informs him for which offense he is being prosecuted. That being true, the original opinion correctly disposes of the case. Curl v. State, 94 S. W. (2d) 435; Bandy v. State, 159 S. W. (2d) 507.

The State's motion for rehearing is overruled.