# APRIL 12, 1944

EVERETT BELL V. THE STATE.

No. 22815. Delivered April 12, 1944.

The opinion states the case.

*Jas. C. Mahan*, of Childress, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a fine of $100.00 on a charge of transporting "rum" and "peach liqueur" in a dry area.

We are asked to reverse this case for the insufficiency of the evidence. It was agreed in open court between counsel that Hall County "is a dry area as that term is defined in the Texas Liquor Control Act." It is presented that this language is insufficient to take the place of proof of the allegations in the complaint and information that an election had been held to determine whether or not the sale of intoxicating liquors should be prohibited in said county; that such election resulted in favor of prohibiting the sale of intoxicating liquors and that the necessary orders and publication had followed. We consider this complaint untenable. The allegations found in the complaint are but the basis upon which evidence may be introduced of the concluded fact, and when that concluded fact is admitted, the requirement has been met. The admission in court could have no less effect than to admit that all of the steps had been taken which are required to be taken in order to make effective the law prohibiting the sale, transportation, etc., of intoxicating liquors within the county.

The complaint is further made that the evidence fails to show that the liquor was moved any certain distance—from any one place to another. This contention will not avail to reverse the case. The evidence was not viewed as being circumstantial but was rather direct that while in transit the liquor was thrown to one side in view of the witnesses. It was found there and brought into court. The law requires no particular distance to which the liquor must be transported, and we think the evidence is sufficient on this point.

Another complaint is that the testimony of Edd McCreary, a witness in behalf of the State, raised an affirmative defense in that he failed to testify that the contents of the bottle labeled "rum" was in fact rum. On this subject the witness said:

"We searched his car but did not find anything. He threw those bottles out about 60 or 75 yards from where we were

stopped. After we searched the defendant we went on down and recovered the three bottles. This bottle (indicating bottle labeled rum) tastes like whisky to me. This bottle (indicating bottle labeled peach liqueur) tastes like peach brandy. The other bottle (indicating bottle labeled Apricot liqueur) tastes like apricot brandy."

In so far as the record shows, and so far as the writer of this opinion knows, the rum in that bottle might have tasted like whisky and the peach liqueur in the other bottle labeled "peach liqueur" might have tasted like peach brandy to the witness, or any other person, and not have changed the facts of the case. The witness further said that he was not much of a judge of what different liquors tasted like; that they all taste about alike to him, and added:

"I say those bottles contain rum, peach liqueur and apricot liqueur. I say this because that is what their labels say."

It is complained also that the court did not give a proper charge on the law of circumstantial evidence in that he failed to charge the jury that it must be conclusive that the appellant and no other person committed the offense. We do not view this as a circumstantial evidence case and such a charge was not required. Two officers saw the appellant and another turn into the road on which they were parked about seventy-five yards from them. Apparently, upon seeing the officers, he threw out the three bottles from his car and then drove on down to the officers, who stopped him, searched his car, went to where the bottles were thrown out and picked them up. They were brought into court and the evidence is based on them.

The witness Anderson said:

"These bottles were thrown out by the defendant. The three bottles you show me were the ones we found and were where we saw the defendant throw them, one of these bottles contains rum, the other two bottles contain peach liqueur. Rum and peach liqueur are liquors."

In the state of the record, there was no error in the court's charge.

The judgment of the trial court is affirmed.