174 P.2d 200

**STATE v. VARNES.**

No. 7305.

Supreme Court of Idaho.

Nov. 6, 1946.

B. A. McDevitt, of Pocatello, and Hoyt Ray, of Idaho Falls, for appellant.

Frank Langley, Atty. Gen. and J. R. Smead, Asst. Atty. Gen., for respondent.

BUDGE, Justice.

Appellant will hereinafter be referred. to as defendant.

Defendant was convicted of burglary of the first degree in Bonneville County. The appeal is from the judgment of conviction and from an order denying a motion for a new trial.

Defendant relies upon seven assignments of error as grounds for reversal of the judgment.

Advisedly, in view of the disposition to be made of this case, we will not discuss the evidence in detail, but limit our discussion to the sole question, namely, the sufficiency of the evidence to sustain the verdict and judgment.

The testimony established that the burglary was committed between midnight and the morning of April 18, 1945; that the burglary was so committed at the time, place, and in the manner as shown by the evidence.

There is no evidence that defendant was in Idaho Falls, at the Grand Hotel, or in the building burglarized at the time the

crime was committed. The State, in its attempt to establish the presence of defendant at the Grand Hotel in Idaho Falls and with the commission of the crime, relies upon the testimony of S. W. Marshall, special agent of the Federal Bureau of Investigation, an expert on handwriting, who testified and gave reasons for reaching his conclusions. His conclusions were based upon a comparison of a known or admitted handwriting of defendant with exemplars voluntarily written by him, and the names, Elmer Wilson and George Adams, appearing on the register of the Grand Hotel. He testified: "It was my conclusion that the words 'Elmer Wilson' and 'George Adams' on State's Exhibit Thirteen [signatures appearing on hotel register], were written by the same individual who wrote the hand writing on State's Exhibits Fourteen and Fifteen [exemplars written by defendant]."

The State introduced in evidence a pair of shoes belonging to defendant. The shoes had on them what is known as "Biltrite" heels. The person who burglarized the Eagle's Building wore shoes with "Biltrite" heels. It is conceded that Biltrite heels, such as were on defendant's shoes, are sold, generally, not only in Idaho Falls but elsewhere, and are commonly used. There is no evidence that defendant's shoes were ever in Idaho Falls until brought there by the officers who arrested him in Denver. There was nothing on defendant's shoes that would indicate his connection with the burglary in any way, other than the mere fact that the heels on his shoes were Biltrite heels.

There is evidence that dust and mortar were carried from the Eagle's Building across the roofs of other buildings to Room 17 in the Grand Hotel, but there is absolutely no evidence that defendant had ever been in Room 17, and there is no evidence that defendant's clothing carried any of the dust or particles of the component parts of the building through which the hole was made to enter the same, or the component part of the material blown from the safe. No fruits of the burglary were found on, or in the possession of, defendant, neither was he connected in any way therewith. There is no evidence that any person or persons in or around Idaho Falls on the night of the commission of the crime, or in priximity thereto, identified defendant. Why or for what reason he was suspected of the commission of the crime which led to his arrest is entirely undisclosed. Defendant testified positively he was not in Idaho Falls; that he did not commit the burglary; that he had no knowledge thereof, and accounted for his presence elsewhere.

"The testimony of an expert as to handwriting is 'an expression under oath, of an opinion which he entertains, * * *' Many authorities regard such evidence as of doubtful value, characterizing it as of the lowest order and a necessary evil, where as others hold it 'within the field of

demonstrative evidence.' " Rogers on Expert Evidence, 3rd Ed., sec. 103, p. 234, and cases therein cited. See, also, Jones v. State, 7 Tex.App. 457; Black v. Black, 30 N.J.Eq. 215, at page 224; 2 Wharton's Cr.Ev., 11th Ed., sec. 1025, p. 1792; 6 Enc. of Evidence, p. 404.

In Bane v. Gwinn, 7 Idaho 439, 447, 63 P. 634, 636, this court, speaking through Judge Huston, used the following language:

"In fact, we think we are not far from expressing the consensus of judicial opinion when we say that of all testimony upon which courts are called to pass that of expert witnesses upon questions of handwriting is the most unsatisfactory."

It will be recalled that to establish defendant's presence in Idaho Falls, at the Grand Hotel, and with the commission of the crime charged, the State relies upon expert testimony.

■■■ The general rule seems to be that expert handwriting testimony cannot be received as independent evidence to establish facts or conclusions, but can be received to corroborate other direct or positive evidence as to some fact in issue. The fact in issue in the case at bar is whether or not defendant was in Idaho Falls and committed the crime charged. Such testimony, comparison of handwriting by an expert, is insufficient to warrant a conviction unless corroborated by other testimony. In re McWilliam's Estate, 259 Pa. 526, 103 A. 365. The evidence of the expert did not corroborate any testimony offered by the State showing or tending to show defendant's presence in Idaho Falls at the Grand Hotel, or in the Eagle's Building, therefore was insufficient to uphold a conviction.

■■■ It is fundamental law that upon the State rests the burden of proving defendant guilty of the crime charged beyond a reasonable doubt. The State has not met that burden.

We are of the opinion the learned trial judge erred in denying defendant's motion for new trial.

The judgment is reversed and the cause remanded with instruction to the trial court to grant a new trial, and it is so ordered.

HOLDEN and MILLER, JJ., and PORTER, District Judge, concur.

GIVENS, Justice.

I concur in the conclusion, but not in the strictures on the force and effect of evidence of a handwriting expert. Bane v. Gwinn, 7 Idaho 439, 63 P. 634, has not been thus restrictively applied. State v. Allen, 53 Idaho 737, 27 P.2d 482; State v. Bentley, 54 Idaho 780, 36 P.2d 532.