104

**STATE, Plaintiff-Appellee, v. HALE, Defendant-Appellant.**

Common Pleas Court, Wood County.

No. 4401.   Decided July 28, 1952.

## OPINION

By STAHL, J.

This matter came on to be heard on an appeal from the Court of Honorable E. E. Bailey, Justice of the Peace, Plain Township, Wood County, Ohio, wherein the defendant-appellant had been tried upon an affidavit filed by State Highway Patrolman Benson.  The facts as they appear from the record are as follows:

That the defendant had been brought before the Justice on an affidavit which charged him with being in violation of §6307-21a GC and that the violation happened outside of a municipal corporation.

It appears that the affidavit was originally dated the 16th day of May, 1952 and that thereafter at the trial over the objection of the defendant the Justice changed the affidavit without a new affirmation of the Patrolman to make it read on the proper day. The defendant objected to this and also the jurisdiction of the Court, he having signed a waiver of trial by jury and consent to be heard. Therefore, the Court wishes to say at this time that he feels that the Justice acted within what he thought was his right. So, the Court will take up each one of the matters one at a time.

1. The Justice of the Peace was without power to change the date on the affidavit without a new affirmation.

Now, let us go into the different sections of the code so that the Court may make the ruling herein.

Sec. 13422-2 GC defines the general jurisdiction of the Justice. The pertinent part reads as follows:

"(General jurisdiction of justices of the peace in criminal matters.)

"A Justice of the peace shall be a conservator of the peace and have jurisdiction in criminal cases throughout the township in which he is elected and where he resides, and county wide jurisdiction in all criminal matters only upon affidavit or complaint filed by the prosecuting attorney or upon affidavit or complaint made by the sheriff, the party injured or any authorized representative of a state or federal department, in the event there is no other court of concurrent jurisdiction other than the common pleas court, police court or mayor's court, and on view or on sworn complaint, to cause a person, charged as aforesaid with the commission of a felony or misdemeanor, to be arrested and brought before himself or another justice of the peace, and, if such person is brought before him, to inquire into the complaint and either discharge or recognize him to be and appear before the proper court at the time named in such recognizance or otherwise dispose of the complaint as provided by law." * * *

What does this section mean as to the justice? It means that he may hear criminal matters arising in his own township and county wide where the affidavit or complaint is filed by the prosecuting attorney or upon affidavit or complaint made by the sheriff, the party injured or any authorized representative of the state or federal government department. This does not mean that he has a right to final determination of a case, only that he may accept the charge made by any of those enumerated therein.

Sec. 13433-9 GC reads as follows:

"Proceedings when accused pleads guilty of a misdemeanor. When a person charged with a misdemeanor is brought before

a magistrate on complaint of the party injured, and pleads guilty thereto, such magistrate shall sentence him to such punishment as he may deem proper according to law, and order the payment of costs. If the complaint is not made by the party injured and the accused pleads guilty, the magistrate shall require the accused to enter into a recognizance to appear before the proper court as provided when there is no plea of guilty."

What does this mean? It means that if there is a plea of guilty except in those certain sections wherein the justice is granted final jurisdiction, which is not applicable to a case of violation of the traffic code, that the Justice of the Peace can do only one of two things, discharge the man or bind him to the grand jury. He can pronounce no sentence whatsoever except as noted above. However, the Court wishes to state that if the affidavit is filed by the party injured he may then, no matter what the misdemeanor is, pronounce final sentence.

Sec. 13433-10 GC reads as follows:

"Proceedings when there is no plea of guilty. When the accused is brought before the magistrate and there is no plea of guilty, he shall inquire into the complaint in the presence of such accused. If it appear that an offense has been committed, and there is probable cause to believe the accused guilty, he shall order him to enter into a recognizance with good and sufficient surety, in such amount as he deems reasonable, for his appearance at a proper time and before the proper court, otherwise, he shall discharge him from custody. If the offense charged is a misdemeanor, and the accused in a writing subscribed by him and filed before or during the examination, waive a jury and submit to be tried by the magistrate, he may render final judgment."

What does this section mean? It means that his right to hear the case and fine or sentence the man is limited to those cases in which there is a fine which will exceed $50.00 or there is an imprisonment where a waiver is signed.

Sec. 6307-107 GC carries a penalty for violating §6307-1 GC. The Court will not write out this entire section, but feels that at this time that merely to operate outside of a municipality at a speed greater than 50 miles an hour is not a violation of the law that being only prima facie and the other provisions of the statute must be met as every person is presumed to be innocent until he is proven guilty bewond a reasonable doubt of all the essential elements of the crime charged.

Sec. 6307-107 GC reads as follows:

"Violation a misdemeanor; exception; penalty. (a) It is

a misdemeanor for any person to violate any of the provisions of this act unless such violation is by this act or other law of this state declared to be a felony. (b) Every person convicted or found guilty of a misdemeanor for a violation of any of the provisions of this act for which another penalty is not provided shall, for a first offense thereof, be fined not more than $50.00; and for a second offense within one year thereafter, not less than $10.00 nor more than $100.00, or imprisoned in the county jail or workhouse not more than ten days, or both; and for a third or subsequent offense within one year after the first offense shall be fined not less than $25.00 nor more than $200.00 or imprisoned in the county jail or workhouse not more than thirty days, or both, provided, further, that when any person is found guilty of a first offense for a violation of section 21 (§6307-21 GC) of this act upon a finding that he operated a motor vehicle faster than thirty-five miles an hour in the business districts of a municipal corporation or faster than fifty miles an hour in other portions, or faster than thirty-five miles an hour while passing through a school zone during recess or while children are going to or leaving school during the opening or closing hours, the court may, in addition to the penalty herein provided, sentence such offender to the county jail or workhouse for not more than five days."

It is clear from this section that the most the defendant could have been fined would have been $50.00. I feel at this time for the benefit of the parties I should interpret §6307-107 GC somewhat for the reason that it says, that when any person is found guilty of a first offense for a violation of §6307-21 GC of this act upon a finding that he operated a motor vehicle faster than thirty-five miles an hour in the business districts of a municipal corporation or faster than fifty miles an hour in other portions, or faster than thirty-five miles an hour while passing through a school zone during recess or while children are going to or leaving school during the opening or closing hours, the court may, in addition to the penalty herein provided, sentence such offender to the county jail or workhouse for not more than five days.

I am giving the interpretation of this section because that does not apply to a speed of more than fifty miles an hour outside of a municipal corporation unless it is charged that he is operating in a school zone therefore the $50.00 maximum fine would still stand.

The Court wishes to say that the case of Overholser v. Wolfe, 26 N. P. (NS) 593 is hereby approved and following therefore this case is remanded to the Justice to either secure

a new affirmation on the affidavit or if not so secured then to discharge the defendant. If said affidavit is properly secured then he may examine into the case and either discharge the defendant or bind him to the grand jury if probable cause is shown.

The Court feels constrained to again call the attention of the Justice of the Peace to the fact that mere proof of a defendant operating at sixty-five miles an hour is not sufficient to find a defendant guilty.

Exceptions saved to both parties. Journal entry will be prepared by the attorney for the defendant and approved by the Prosecuting Attorney.