406 P.2d 118

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Albert E. TRIMMING, Defendant-Appellant.**

**No. 9578**

Supreme Court of Idaho.

Sept. 27, 1965.

Rehearing Denied Oct. 18, 1965.

Albert E. Trimming, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and Thomas G. Nelson, Asst. Atty. Gen., Boise, Francis H. Hicks, Pros. Atty., Elmore County, Mountain Home, for respondent.

SMITH, Justice.

Appellant has appealed from a judgment of conviction of driving an automobile on a public highway at a speed greater than was reasonable and prudent. The appeal is designed to test whether, under I.C. § 49-701, driving a motor vehicle on a public highway in excess of the posted speed limit, in and of itself, constitutes a crime, particularly in the absence of any showing of conditions as to render the speed unreasonable and imprudent.

The complaint filed in the justice's court of the Justice of the Peace, Elmore Pre-

cinct in Elmore County, charged that on January 29, 1964, appellant drove his motor vehicle on a certain public highway in Elmore County, "at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing on said highway, to-wit: at a speed of 75 miles per hour, which speed was 15 miles per hour greater than the prima facie limit of 60 miles per hour as established and posted on said highway."

Appellant was charged with having violated the provision of I.C. § 49–701, which reads:

"Basic rule and prima facie limits.—

(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

"(b) Where no special hazard exists that required lower speed for compliance with paragraph (a) of this section the speed of any vehicle not in excess of the limits specified in this section or established as hereinafter authorized shall be lawful, but any speed in excess of the limits specified in this section or established as hereinafter authorized shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful:

"1. Thirty-five miles per hour in any urban district;

"2. Sixty miles per hour in other locations during the day time; * *."

Appellant pleaded not guilty to the charged offense; stood trial, and, from a judgment of conviction imposing a fine, appealed to the district court.

In the district court appellant and respondent stipulated the evidence, based upon the evidence adduced in the justice's court, as follows:

That U. S. Highway running westerly from Hammett to a point 4 miles west of Mountain Home, has an oiled surface and is divided in traffic lanes by a painted white stripe as the place where the charged offense occurred;

That on January 29, 1964, at 1:30 p. m., appellant operated a described automobile on such designated portion of the highway, traveling westerly, in his right-hand lane of traffic, at a speed of 75 miles per hour, for a distance of one-half mile; that at the time and place the highway was posted as a 60-mile speed zone, "as fixed" by the statute, I.C. sec. 49–701.

That appellant was arrested and cited for driving the vehicle at the speed of 75 miles per hour, and in excess of the posted speed limit. The stipulation then recites:

"That there are no circumstances other than the rate of speed at which defendant's vehicle was being driven which would constitute a violation of law."

There is no conflict in the evidence.

The cause was submitted to the district court sitting without a jury upon the evidence as so stipulated. The trial court found that appellant was driving a motor vehicle at the designated place upon the highway at a speed of 75 miles an hour for a distance of one-half mile, and that the highway at the time and place was posted as a 60-mile an hour speed zone, and then found that "under the facts set forth in said stipulation, that said driving of the Defendant at said speed on said highway constituted driving at a speed greater than was reasonable and prudent, and that driving at said speed was unlawful." Appellant has appealed from the resulting judgment of conviction and imposition of a fine.

Appellant's specifications of error raise the issues:

Whether the trial court erred in finding appellant guilty of driving a motor vehicle unlawfully, i. e., at a speed "greater than was reasonable and prudent," and

Whether the evidence is sufficient to sustain the court's finding that appellant's driving at a speed of 75 miles per hour for a distance of one-half mile was "greater than was reasonable and prudent."

Appellant contends that the proof fails to establish a violation of any of the prohibitory provisions of the substantive law; that there was no evidence of unreasonable and imprudent driving; and that the court in effect found appellant guilty of imprudent and unreasonable driving when the evidence shows that no circumstances existed other than speed.

The evidence so stipulated by the parties must be taken and considered as the undisputed proof in this cause.

Stipulations are the agreements of, and may be relied upon as, undisputed proof. Koron v. Myers, 87 Idaho 567, 394 P.2d 634 (1964); Copco Steel & Eng. Co. v. The Prins Willem Van Oranje, 159 F.Supp. 79 (E.D.Mich.1957); Grand v. Griesinger, 160 Cal.App.2d 397, 325 P.2d 475 (1958); Brown v. Keaton, 232 Ark. 12, 334 S.W.2d 676 (1960); 83 C.J.S. Stipulations § 12. "As a general rule, stipulations of parties or counsel made in pending proceedings are conclusive as to all matters properly contained or included therein." Koron v.

Myers, supra. See also Big Lost River Irrigation District v. Zollinger, 83 Idaho 401, 363 P.2d 706 (1961); Arnett v. Throop, 75 Idaho 331, 272 P.2d 308 (1954); 83 C.J.S. Stipulations § 13. Admissions in open court by a prosecuting attorney, or by the counsel for the accused, are conclusive. State v. Whiteaker, 118 Or. 656, 247 P. 1077 (1926); Bell v. State (1944), 147 Tex.Cr.R. 330, 179 S.W.2d 550; State v. Smith (Mo.App. 1918) 201 S.W. 942. Admissions by the prosecuting attorney of material facts are to be construed in favor of the accused. Sinclair v. State, 161 Miss. 142, 132 So. 581, 74 A.L.R. 241 (1931); State v. Cochran, 230 N.C. 523, 53 S.E.2d 663 (1949); 23 C.J.S. Criminal Law § 904.

Essentially appellant's specifications of error raise the issue of insufficiency of the evidence to sustain the court's finding that appellant drove at a speed greater than was reasonable and prudent.

■ The conduct, which I.C. § 49-701 renders unlawful, is the driving of a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the hazards actual and potential then existing. If one drives in excess of certain designated speeds, as for instance, in excess of 60 miles an hour on a highway outside of an urban district, as did appellant, then such driving constitutes prima facie evidence that "the speed is not reasonable or prudent." Driving, however, in excess of such specified speed limit is not per se unreasonable or imprudent, but presumed to be under a rebuttable presumption, in the absence of evidence sufficient to overcome the presumption.

The trial court's finding that the driving was greater than reasonable and prudent "under the facts set forth in the stipulation," in effect entirely disregarded the evidence as stipulated by counsel for both parties. Such is true simply because the evidence establishes without dispute that no circumstances existed at the time and place of the driving other than the speed at which appellant was driving the vehicle. Appellant's evidence offered in rebuttal of the presumption that such driving was not reasonable or prudent, to which respondent stipulated, is: that no condition or hazard whatsoever or at all existed which would render appellant's driving, at a speed of 75 miles an hour over the stretch of one-half mile, unreasonable or imprudent; that no actual or potential hazard then and there existed, including any weather or road hazard, or condition of appellant's automobile; that appellant so controlled his speed as was necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care, although in fact there was no other person, vehicle, or other con-

veyance on or so entering the highway at the time and place; and that in fact there was no intersecting crossroad.

▇▇▇▇ I.C. § 49–701 does not prohibit the driving in excess of the limits specified. But if one does so drive, then he must assume the burden of proving that in so driving he was not unreasonable or imprudent under the conditions to which the statute refers. And if his evidence shows, as does appellant's in the case here, that no condition existed either actual, potential, or at all, which would render his speed "greater than is reasonable and prudent," then the burden of proof, of overcoming the prima facie presumption of unreasonable and imprudent driving, is fully met. There being no evidence of unreasonable or imprudent driving "under the conditions" then appellant was entitled to acquittal of the charge of unreasonable and imprudent driving, as a matter of law, the evidence being insufficient, as a matter of law, to support the court's finding of unreasonable and imprudent driving "under the facts as set forth in said stipulation."

Decisions of other courts concerning laws similar to I.C. § 49–701 involving the prima facie evidence rule will be reviewed. The philosophy of actions grounded under such enactments is expressed in the early and much cited case of Commonwealth v. Cassidy (1911), 209 Mass. 24, 95 N.E. 214. That case involved an offense charged under Mass.St.1909 c. 534, § 16 which forbade the driving of an automobile at a rate of speed greater than reasonable and proper, having regard to the traffic, the use of the way and safety of the public; and provided that in certain localities speed in excess of that designated for the locality shall be prima facie evidence of a rate of speed greater than reasonable and proper. In reversing a conviction the Massachusetts Court said:

"The real question in all these cases now is whether the speed is greater than was reasonable and proper, having regard to traffic and the use of the way and the safety of the public, the burden being on the commonwealth to show that it was. If the speed was such as to make out a prima facie case for the prosecution, still the burden does not change. The jury are to give due weight to the prima facie case taken in connection with the other circumstances disclosed by the testimony * * and if they are satisfied that the speed is greater than was reasonable and proper, having regard to traffic and the use of the way and the safety of the public, they should convict the defendant; otherwise they should acquit him. And hence in some cases a defendant may be convicted even if he has not exceeded the rate named in the prima facie clauses of the statute, and in some he may be acquitted even though

he may have exceeded it." 95 N.E. at 215–216.

State v. Pfeifer (1915), 96 Kan. 791, 153 P. 552, charged the accused, under Kan. Laws 1913, c. 65, §§ 7 and 8, of driving an automobile on a highway past a horse and buggy traveling in the same direction, at a speed greater than 8 miles an hour in violation of such a provision of the statute. The Court pointed out, however, that the statute did authorize the motorist to pass the horse driven vehicle by exercise of reasonable caution. In reversing a conviction, the Kansas Court said:

"* * * the motorist is authorized to pass if he can do so with due regard to the other provisions of the statute. The motorist is forbidden to drive at any rate of speed greater than is reasonable and proper; he is required to have regard for the traffic and conditions of the road; he is forbidden to drive at any speed which will endanger life and limb, and specific directions are given by the statute to slow down while passing persons whom he may meet. Do these directions regulate his conduct in overtaking and passing persons, vehicles, etc., going in the same direction as the motorist? Undoubtedly some of them do. * * *

* * * * * *

"If the defendant drove his car at an unreasonable speed, he may be prosecuted. If he endangered the life or limb of any person he may be prosecuted. If he failed to use caution in passing * * * the defendant may be prosecuted * * *. But since the statute gave him the right to pass * * * and in so doing he did not fail, so far as charged, to observe all these pertinent regulations of the statute, he cannot be convicted on the mere fact that he was going necessarily at a greater speed than eight miles an hour when he passed these people who were traveling * * * in the same direction." 153 P. at 553–554.

In People v. Marketos, Co.Ct., 54 N.Y.S. 2d 857 (1945), the charge was laid under New York's Vehicle and Traffic Law, McKinney's Consol.Laws, c. 71, § 56, subd. 1 a and b, which admonish motorists to drive in a careful and prudent manner, and at a rate of speed as not to endanger life, limb or property of another, and provided that a rate of speed in excess of 40 miles an hour for a distance of ¼ mile shall be presumptive evidence of driving at a speed which is not careful and prudent. In reversing a conviction the Court held:

"This section states that a rate of speed in excess of 40 miles per hour shall be presumptive evidence of driving at a speed which is not careful and prudent, but does not make the driving of an automobile in excess of 40 miles

an hour a criminal act. The meaning of these words is well stated in an opinion of the Attorney General rendered * * * December 15, 1937, in which it is stated: 'These provisions are merely of probative value in prosecutions for reckless driving * * *.'" 54 N.Y.S. 2d at 858.

State v. Hale (Ohio Com.Pleas 1952), 109 N.E.2d 588, involved Ohio Gen.Code § 6307–21(a) (not quoted in the opinion), which admonished motorists to drive at reasonable and proper speeds, having due regard to the traffic, surface and width of the street or highway, and any other existing condition. Such law then provided that it shall be prima facie unlawful for a driver of a motor vehicle to exceed certain specified rates of speed. The Ohio Court in reversing a judgment of conviction on a charge laid under the statute, said:

"* * * merely to operate [ a motor vehicle] outside of a municipality at a speed greater than 50 miles an hour is not a violation of the law that being only prima facie and the other provisions of the statute must be met as every person is presumed to be innocent until he is proven guilty beyond a reasonable doubt of all the essential elements of the crime charged." 109 N.E.2d at 590.

Ex parte Moseley, 6 Cal.App.2d 654, 45 P.2d 241 (1935), involved Cal.St.1923, p. 553, § 113, which provided that motorists should drive at a speed not greater than is reasonable and proper having due regard to the traffic, surface and width of the highway, and so as not to endanger life, limb or property of any person. The statute then specified various lawful speeds depending upon conditions, and that speeds in excess of those set forth shall be prima facie evidence of violation of the act. As the California statute involved was similar to I.C. § 49–701, we quote from the decision annulling a conviction, wherein the Court said:

"* * * The language of these subdivisions leads us to the conclusion that the Legislature intended, and could only have intended, that speeds in excess of those mentioned should not constitute, in and of themselves, substantive offenses. We will repeat a portion of the language of subdivision 'c,' to wit: 'In all charges for a violation of this section, speeds in excess of those set forth in subdivision (b) of this section shall be taken as prima facie but not as conclusive evidence of a violation of this section.' Prima facie evidence of what? * * * We think * * * the Legislature intended, that speeds in excess, for instance, of 45 miles an hour, is prima facie evidence of * * * a greater speed than is prudent, reasonable, or proper, having due regard to the traffic, surface, and width of the highway, and that such driving upon a public highway, at such speed, is to en-

danger the life, limb or property of some person.

"The section then gives the alleged offending vehicle driver an opportunity to rebut the prima facie effect of the excessive speed, and show that none of the prohibitory provisions of the section have been violated. * * * As against this prima facie showing, the driver of the vehicle may introduce testimony sufficient to convince the court that the speed was proper, having regard for the traffic, surface, and width of the highway, and that the speed at which he was driving did not endanger the life, limb, or property of any person." 45 P.2d 242–243.

In Ex parte Ryan, 61 Cal.App.2d 310, 142 P.2d 769 (1943), the Court, in discussing the California act containing provisions similar to I.C. § 49–701, and in annulling a judgment of conviction, stated:

"Under Vehicle Code, Sections 510, St.1935, p. 176 (basic speed law) and 511, St.1941, p. 2716 (prima facie speed limits), speed alone cannot be considered as unlawful without additional evidence as regards such speed in relation to the physical facts of the surface, width and general characteristics of the highway, together with traffic conditions as of that time. * * * The criterion in such cases must be the reasonableness of the speed in relation to the physical facts surrounding the highway and its use at the particular time. (Citation.)" 142 P.2d at 771.

People v. Perlman, 15 Ill.App.2d 239, 145 N.E.2d 762 (1957), involved § 49 of the Illinois Uniform Act Regulating Traffic, which contained provisions, including the prima facie evidence rule, similar to I.C. § 49–701. The Illinois Court, in reversing a judgment of conviction on a charge of having violated the posted speed limit, said:

" * * * Upon proof of driving at a speed in excess of the posted speed limits a rebuttable presumption is raised that the statute has been violated, and this presumption is sufficient to establish a prima facie case on the part of the State. The defendant may then introduce evidence to attack the basic fact upon which the presumption is based, that the defendant was driving at a speed in excess of the posted speed limits, or the defendant by his evidence may show that the conditions existing at the time and place of the arrest with reference to traffic, condition of the roadway, etc. were such that he would be taken out of the purview of the statute. The State throughout the case has the duty of proving beyond a reasonable doubt the defendant was driving at a speed in violation of the specific statutory provisions, and unless the State sustains that burden there

should be a finding of not guilty. All that the presumption which is raised by a violation of the posted speed limit does is to create a prima facie case, and, standing alone and with no conflicting evidence, it would be sufficient to support a judgment. This presumption fails when the testimony of the State's witnesses is inconsistent with the presumption and in its very essence rebuts it.

\*   \*   \*   \*   \*   \*

"The legislative intent underlying a statute of this character is that the court should determine upon all of the evidence before it whether or not the State has proved a violation of the statute beyond a reasonable doubt. When there is evidence of the character such as appears in this record, in order to convict there must be some further showing on the part of the State, and the court is required to determine whether there has been a violation of the specific provisions of the statute regulating speed of motor vehicles, *taking into consideration the speed at which the vehicle was driven, the time, place, condition of the roadway, amount of traffic, and all other conditions which might be material to the issue involved.* On this charge on the record the State failed to sustain the burden of proof." (Emphasis supplied.) 145 N.E.2d at 765.

State v. Wall, 115 Ohio App. 323, 185 N.E.2d 115 (1962), involved Ohio Rev.Code § 4511–21, similiar to I.C. § 49–701, including specifications of prima facie unlawful speeds. The Court in reversing a judgment of conviction stated in headnote [5], 185 N.E.2d at 125:

" \* \* \* we conclude that the gist of the offense is whether the speed in question is greater or less than is reasonable and proper under the conditions specified in Section 4511.21, supra, and that the particular speeds made prima facie lawful or unlawful are just what they are called, prima facie evidence to be considered along with the other evidence in the case in determining the ultimate question whether the speed is reasonable and proper."

In considering the evidence the Court stated:

" \* \* \* the great weight of the testimony is to the effect that it was not raining and had not been for several hours; that the road was dry; that it was wide and, there being no evidence to the contrary, may be assumed to be satisfactorily smooth; that there were no crossroads and in the entire three miles only three roads which dead end into Highway 257; that the speed traveled was between 55 and 60 miles an hour; that the motor vehicle was nearly new and in good condition; for

which reason the judgment of conviction must be reversed upon the weight of the evidence." 185 N.E.2d at 125.

People v. Banat, 39 Cal.App.2d Supp. 765, 100 P.2d 374, (1940), in construing Cal. Vehicle Code §§ 510 and 511, St.1935, containing provisions comparable to I.C. § 49–701, the California Court, in reversing a judgment of conviction, construed the legislative intent in language as follows:

"Plainly what the legislature has attempted to do is this: (1) Provide a rule of substantive law in section 510, creating the offense of speeding; (2) provide rules of adjective law in section 511, creating disputable presumptions to be observed in determining whether or not the basic speed law of section 510 has been violated." 100 P.2d at 376.

We so construe I.C. § 49–701(a) and (b).

█ The State has the duty in all cases involving a violation of a criminal law to prove the defendant guilty beyond a reasonable doubt. State v. Rankin, 56 Idaho 64, 50 P.2d 3 (1935); State v. Varnes, 67 Idaho 183, 174 P.2d 200 (1946); State v. Pullos, 76 Idaho 369, 283 P.2d 590 (1955).

█ The statutory provision that any speed in excess of the specified or established limits shall be prima facie evidence that the speed is not reasonable or prudent, is a rule of evidence and not a rule of substantive law. I.C. § 49–701; People v. Perlman, 15 Ill.App. 239, 145 N.E.2d 762 (1957); Wallace v. Yellow Cab Co., 238 Ill.App. 283 (1925); Commonwealth v. Cassidy (1911), 209 Mass. 24, 95 N.E. 214; City of Cleveland v. Keah, 157 Ohio St. 331, 105 N.E.2d 402 (1952); 20 Am.Jur. Evidence § 4.

█ "Prima facie evidence," referred to in statutory enactments, is such evidence as in the judgment of the law is sufficient to establish guilt and, if credited by the finder of the facts, it is sufficient for that purpose, unless rebutted or the contrary proved. Sellers v. State, 11 Okl.Cr. 588, 149 P. 1071 (1915); State v. Grimmett, 33 Idaho 203, 193 P. 380 (1920); 22A C.J.S. Criminal Law § 579, p. 331. See also Mantell v. Jones, 150 Neb. 785, 36 N.W.2d 115 (1949); Fout v. Commonwealth, 199 Va. 184, 98 S.E.2d 817 (1957); State v. Riley, 24 Conn. Sup. 235, 189 A.2d 518 (1962); State v. Wall, 115 Ohio App. 323, 185 N.E.2d 115 (1962); Kizziah v. State (1964), 42 Ala. App. 303, 162 So.2d 889.

The evidence being insufficient to sustain the district court's judgment of conviction, the judgment is reversed.

McQUADE, C. J., and KNUDSON, J., concur.

McFADDEN, Justice, with whom TAYLOR, Justice, concurs (dissenting):

I.C. § 49–701, under which appellant was charged, was first enacted in 1953 (S.L. 1953, Ch. 273, Sec. 56), and later amended in 1955, (S.L.1953, Ch. 84), in particulars not involved herein. S.L.1953, Ch. 273, was taken from the Uniform Act Regulating Traffic on Highways, approved and recommended by the National Committee on Uniform Traffic Laws and Ordinances and endorsed by the National Conference of Commissioners on Uniform State Laws. Martindale-Hubbel Law Directory, Vol. 111, Law Digests, 1952. I.C. § 49–701 corresponds to Art. VI, § 56, of the Uniform Act.

Prior to enactment of I.C. § 49–701, the law governing the speed of motor vehicles was I.C. § 49–504 (Vol. 9 of original 1947 I.C.) which provided:

"a. Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb or property of any person.

"b. Subject to the provisions of subdivision (a) of this section and except in those instances where a lower speed is specified in this chapter, it shall be prima facie lawful for the driver of a vehicle to drive the same at a speed not exceeding the following, but in any case when such speed would be unsafe it shall not be lawful.

1. * * *

[Then follows seven separate categories of conditions with authorized speeds of 15 to 20 miles per hour for the various conditions specified, which are eliminated herein in the interest of brevity].

"It shall be prima facie unlawful for any person to exceed any of the foregoing speed limitation, except as provided in subdivision (c) of this section. In every charge of violation of this section the complaint, also the warrant or notice to appear, shall specify the speed at which the defendant is alleged to have driven, also the speed which this section declares shall be prima facie lawful at the time and place of such alleged violation.

"c. Local authorities in their respective jurisdictions are hereby authorized in their discretion to increase the speed which shall be prima facie lawful upon through highways at the entrances to which vehicles are by ordinance of such local authorities required to stop before entering or crossing such through highways. Local authorities shall place and maintain upon all through highways upon which the per-

missible speed is increased adequate signs giving notice of such special regulations and shall also place and maintain upon each and every highway intersecting any said through highway, appropriate stop signs which shall be illuminated at night or so placed as to be illuminated by the headlights of an approaching vehicle or by street lights."

The majority opinion has set out a portion of I.C. § 49–701, i. e., paragraphs (a) and (b) thereof. In addition to these two paragraphs, there is a third paragraph, which provides:

"(c) The driver of every vehicle shall, consistent with the requirements of paragraph (a), drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions."

The Department of Highways is authorized by I.C. § 49–702 on the basis of engineering and traffic investigations to fix and cause to be posted prima facie speed limits at variance with the provisions of I.C. § 49–701.

The majority opinion has reached the conclusion that under the stipulation before the court that the appellant has as a matter of law rebutted the presumption of I.C. § 49–701(b), that speed in excess of 60 miles per hour is prima facie evidence that the speed is not reasonable or prudent and that it is unlawful. The pertinent portion of the stipulation states:

"That there is a U. S. Highway running in a westerly direction from Hammet, Idaho, to a point four miles east of Mountain Home, Idaho, which is designated as U.S. Highway No. 30, and which said highway has an oiled surface and is divided into two traffic lanes by a painted center stripe at the place and point at which the alleged offense occurred in this matter.

"That on the 29th day of January, 1964, the defendant Albert E. Trimming, was driving and operating a 1963 Plymouth automobile on said highway, proceeding in a westerly direction in the right-hand lane of traffic from Hammet, Idaho, to Mountain Home, Idaho, at 1:30 p. m. on said day; and that on said highway approximately four miles east of the City of Mountain Home in Elmore County, Idaho, on said day and at said time, the defendant drove and operated said Plymouth automobile at a speed of 75 miles per hour over and on said highway for a distance of one-half mile; and that at said time

**454**

and place, and on said highway, the said highway is a speed zone for speeds not in excess of 60 miles per hour and is so posted and said speed zone is fixed by State statute not by local authority. "That the said defendant at said time and place was arrested by Officer B. J. Shinn and given an Idaho State police citation for driving the vehicle at the speed of 75 miles per hour, which is in excess of the speed zone as posted aforesaid."

To reach this conclusion of the majority opinion it is necessary that the first phrase of sub-paragraph (b) "Where no special hazard exists that required lower speed [etc.]," be disregarded. It is my conclusion in a prosecution under the provisions of I.C. § 49-701(b), such phrase removes from consideration by the court any issue as to the presence or absence of special hazards. Additional weight is also given to this conclusion by use of the similar phrase in sub-paragraph (c) which requires a driver to "drive at an appropriate reduced speed * * when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions." The only time that the presence or absence of special hazards would be in issue, is when a person is charged by complaint with having failed to comply with the provisions of I.C. § 49-701(a) or (c).

The three sub-paragraphs of § 49-701, were designed to cover three separate situations: Sub. Par. (a) requires all persons to operate their vehicles in a reasonable and prudent manner under conditions then existing, regardless of any posted speeds or prima facie limits. Even though a person may operate his vehicle at a speed less than the posted or prima facie limits, if conditions are present which would make such lower speed unreasonable and imprudent, such person would be violating that subsection, and to sustain a conviction thereunder, it would be incumbent upon the state to plead and prove the existence of the particular conditions regarding the actual and potential hazards involved, i. e., the conditions in existence at that time.

The Sub. Par. (b), involves speeds in excess of the posted limit. This paragraph is prefaced "where no special hazard exists", and continues that speed in excess of the posted or stated limits "shall be prima facie evidence the speed is not reasonable or prudent and that it is unlawful." In a prosecution under this provision no issue is before the court as to existence or nonexistence of any special hazard, for the very first phrase of this paragraph eliminates such facts from consideration.

The Sub. Par. (c) again refers back to (a) and requires a driver to reduce speed when presented with special hazards.

Under the law as it existed prior to enactment in 1953 of the present law, I. C. § 49-701, the facts as to the lack of special hazards presented by the stipulation would have been in issue, and the statement "That

there were no circumstances other than the rate of speed at which defendant's vehicle was being driven which would constitute a violation of law" would have been sufficient to rebut the prima facie case.

When the legislature by S.L.1953, Ch. 273, repealed the prior law and enacted I.C. § 49–701, it intended some change in the law. See: Pigg v. Brockman, 79 Idaho 233, 244, 314 P.2d 609; Wellard v. Marcum, 82 Idaho 232, 351 P.2d 482. In State ex rel. Anderson v. Rayner, 60 Idaho 706, 96 P.2d 244, this court held that where a statute is amended by changing language from that used in the original statute, a presumption arises that a change was intended. It is also to be presumed that the legislature in enactment of a statute consulted earlier statutes on the same subject matter. Nampa Lodge No. 1389, etc. v. Smylie, 71 Idaho 212, 229 P.2d 991.

As the statute in question is applied in the majority opinion, the changes from the previous law are not considered. Each of the cases relied upon in the majority opinion, and which were cited by appellant, deal with a statute that is similar to the Idaho's law (I.C. § 49–504) as it existed prior to the present enactment. See: Commonwealth v. Cassidy, 209 Mass. 24, 95 N.E. 214 (1911), and statute: Mass.St.1909, c. 534, § 16; State v. Pfeifer, 96 Kan. 791, 153 P. 552 (1915), and statute: Kansas Laws 1913, c. 65 §§ 7 & 8; People v. Marketos, 54 N.Y.S. 2d 857 (Onondaga County Court, 1945), and statute: New York's Vehicle and Traffic Laws § 56; State v. Hale, 109 N.E.2d 588 (Ct.Common Pleas of Ohio, Wood County, 1952) and statute: 6307–21 General Code of Ohio (Laws of Ohio 1951, Vol. 124, pg. 520); Ex parte Moseley, 6 Cal.App.2d 654, 45 P.2d 241 (1935) and statute: Cal.Vehicle Code, §§ 510, 511, St.1939, c. 658; Ex Parte Ryan, 61 Cal.App.2d 310, 142 P.2d 769, (1943), and statute: Cal.Vehicle Code, §§ 510, 511; People v. Perlman, 15 Ill.App.2d 239, 145 N.E.2d 762 (1957), and statute: Uniform Act Regulating Traffic on Highways for the State of Illinois, § 49; State v. Wall, 115 Ohio App. 323, 185 N.E.2d 115, (1962), and statute: Ohio Revised Code § 4511.21. None of the statutes involved in the cases mentioned contained any qualifications, as does the Idaho statute, of "where no special hazard exists."

As I construe I.C. § 49–701, in all its three sub-paragraphs, the phrase "Where no special hazard exists," is a qualifying phrase to the whole of sub-paragraphs (b) thereof. This phrase was adopted by the legislature to exclude not only the necessity of a complaint thereunder alleging the existence of any special hazards or circumstances, but also to do away with the necessity of proof of such special hazards or circumstances. To dispel or rebut the prima facie evidence of unreasonable or imprudent speed, which arises on proof of speed in ex-

**456**

cess of the posted or fixed limits, a defendant would be required to establish circumstances which would justify such higher speed as being reasonable and prudent, such as the necessity of higher speed to pass a slow moving vehicle, an emergency situation justifying much higher speed; proof of the absence of special hazards or normal highway conditions would not overcome such presumption, in a prosecution under I.C. § 49–701(b).

It is my conclusion that the judgment of the trial court is correct, and that it should be affirmed.