**DISTRICT OF COLUMBIA, Appellant,**

v.

**Diana B. GRANTHAM, Appellee.**

**No. 4266.**

District of Columbia Court of Appeals.

Argued July 24, 1967.

Decided Oct. 3, 1967.

Richard W. Barton, Principal Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellant.

Ira M. Lowe, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

HOOD, Chief Judge:

By information it was charged that appellee at a certain time and place in the District of Columbia "did then and there operate a certain vehicle at a greater rate of speed than thirty miles an hour" contrary to and in violation of the Traffic Regulations in such case made and provided. The arresting officer testified appellee was driving between forty-five and fifty miles an hour in a zone where the speed limit is fixed at thirty miles an hour. Appellee admitted she was driving about forty miles an hour. Appellee and the officer testified that the occurrence took place at about 1:00 o'clock in the morning, that the weather was dry and clear, the street was reasonably well lighted, and there was little or no other traffic at the time.

The trial court found appellee guilty "of the charge of exceeding the speed limit," but thereafter granted a motion in arrest of judgment, ruling that the information did not state an offense. The District's appeal challenges that ruling.

At the time of arrest and prosecution, Traffic Regulation § 22(a), enacted September 1, 1949, provided:

(a) No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.

Section 22(b) provided that "any speed in excess of the limits specified in this section or established as hereinafter authorized shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful * * *."

It is our opinion that the trial court correctly held that under the regulation in question there is but one offense, that of driving at a greater rate of speed than is reasonable and prudent. The regulation does not make it an offense to drive in excess of the posted speed limit. Proof of speed in excess of the speed limit is made "prima facie evidence" that the speed is not reasonable and prudent. Such prima facie evidence may be rebutted. Standing alone it will support but not compel a finding of speed greater than is reasonable and prudent.

If, as we have said, the only offense created by the regulation is driving at a speed greater than is reasonable and prudent, the information here in question, which charged only speed in excess of the speed limit, did not state an offense.[1]

Accordingly the trial court was correct in arresting judgment. There can be no valid conviction under an information which does not charge an offense.[2]

Affirmed.

1. See State v. Trimming, 89 Idaho 440, 406 P.2d 118 (1965); People v. Perlman, 15 Ill.App.2d 239, 145 N.E.2d 762 (1957); City of Cleveland v. Keah, 157 Ohio State 331, 105 N.E.2d 402 (1952); E. Fisher, Vehicle Traffic Law ch. 12 (1961); 61 C.J.S. Motor Vehicles § 641.

2. It should be noted that the presently existing Traffic Regulation, § 22, enacted February 1, 1967, not only makes it an offense to drive at a speed greater than is reasonable and prudent, but also prohibits driving a vehicle at a speed in excess of the speed limit. The regulation in effect prior to September 1, 1949, was similar in nature.